## VICTORIA WOOD FRIEZO *v.* DAVID FRIEZO
## (AC 24075)

Dranginis, Flynn and Dupont, Js.

Argued April 19—officially released August 31, 2004

*Kenneth J. Bartschi*, with whom were *Michael S. Taylor* and, on the brief, *Edward S. Nusbaum* and *Sarah Healy*, certified legal intern, for the appellant (defendant).

*Gary I. Cohen*, for the appellee (plaintiff).

*Opinion*

DRANGINIS, J. In this marital dissolution action, the defendant husband, David Friezo, appeals from the judgment of the trial court awarding the plaintiff, Victo-

ria Wood Friezo, unallocated alimony and child support pendente lite,[1] attorney's fees and a security deposit for rental housing.[2] On appeal, the defendant claims that during the short calendar hearing on the plaintiff's motion for alimony pendente lite, the court improperly restricted his cross-examination of the plaintiff with respect to her financial needs and affidavit. We affirm the judgment of the trial court.

The procedural history of this matter reveals a disturbing degree of contentiousness and acrimony between the parties. The plaintiff commenced the dissolution action in June, 2002, and by the time the motion for alimony pendente lite (motion for alimony) was heard by the court eight months later, approximately fifty entries had been made in the court's docket, including three requests for ex parte relief. Counsel was appointed for the parties' minor child.

The court held the hearing on the plaintiff's motion for alimony on the afternoon of March 17, 2003. The motion for alimony appeared with other matters related to this case on the regular short calendar, which ordinarily concludes at 5 p.m., if not earlier in the day. The plaintiff sought $20,000 per month in unallocated child support and alimony, among other things. Following the presentation of evidence and the arguments of counsel, the court, in an oral decision, ordered that the defendant pay the plaintiff (1) $17,500 per month for unallocated alimony and child support on the first of each month beginning on April 1, 2003, (2) $55,000 for the plaintiff's counsel fees and expenses and (3) $21,000 as a security deposit for the rental of a home.[3] The defendant appealed.

---

[1] Pendente lite financial orders are considered final judgments for purposes of an appeal. *Hiss* v. *Hiss*, 135 Conn. 333, 336, 64 A.2d 173 (1949).

[2] In his brief, the defendant withdrew his claims regarding attorney's fees and the security deposit.

[3] The court subsequently modified the amount of the security deposit to $12,000.

The court subsequently articulated its order in a memorandum of decision dated August 23, 2003. In reaching its decision, the court considered the testimony of the parties, the evidence presented at the hearing and the factors enumerated in the relevant General Statutes.[4] It made the following findings of fact that are relevant to this appeal. The defendant has an annual base salary of $400,000, $9000 in rental income, $30,000 in dividends, a bonus of $517,000 and corporate perquisites totaling $185,611 for an aggregate gross income, not including his deferred compensation of $1,141,000 per year, or $95,083 per month. The court calculated his net monthly income as $60,853. The defendant also has liquid assets exceeding $500,000. The court also found that the plaintiff had limited liquid assets. The plaintiff is not employed. Notably, the defendant does not challenge the court's factual findings on appeal.

"Our standard of review of a claim that the court improperly limited the cross-examination of a witness is one of abuse of discretion. . . . [I]n . . . matters pertaining to control over cross-examination, a considerable latitude of discretion is allowed. . . . The determination of whether a matter is relevant or collateral, and the scope and extent of cross-examination of a witness, generally rests within the sound discretion of the trial court. . . . Every reasonable presumption should be made in favor of the correctness of the court's ruling in determining whether there has been an abuse of discretion. . . .

"In determining whether a defendant's right of cross-examination has been unduly restricted, we consider the nature of the excluded inquiry, whether the field of inquiry was adequately covered by other questions that were allowed, and the overall quality of the cross-

[4] The court identified General Statutes §§ 46b-54, 46b-56, 46b-82, 46b-83, 46b-84, 46b-215a, and the child support and arrearage guideline regulation.

examination viewed in relation to the issues actually litigated at trial. . . . Although it is axiomatic that the scope of cross-examination generally rests within the discretion of the trial court, [t]he denial of all meaningful cross-examination into a legitimate area of inquiry constitutes an abuse of discretion." (Citations omitted; internal quotation marks omitted.) *Dubreuil* v. *Witt*, 65 Conn. App. 35, 41–42, 781 A.2d 503 (2001).

"It is only after the right of cross-examination has been substantially and fairly exercised that the allowance of cross-examination becomes discretionary with the trial court." (Internal quotation marks omitted.) Id., 41. "It is well settled that the scope of the cross-examination of a witness is limited by the scope of the direct examination unless there is an attack on the credibility of that witness." Id., 42.

On the basis of our review of the transcript of the hearing and the court's articulation of its order, we conclude that the court did not abuse its discretion in limiting the defendant's cross-examination of the plaintiff. The plaintiff began the hearing by calling the defendant to testify and examined him as to his financial resources and obligations, including his income, tax returns and financial affidavit. A number of documents related to his income, assets and liabilities were entered into evidence. The defendant's counsel cross-examined him.

The plaintiff testified as to the parties' standard of living prior to her leaving the marital home, her need for a place to live, her attorney's fees and her financial affidavit. On cross-examination, the plaintiff testified that she had calculated her expenses as they appeared on her financial affidavit on the basis of what they had been prior to her leaving the marital home. She also testified that her current bills were sent to the defen-

dant, who paid them. The defendant's counsel questioned her about her financial affidavit.

The key to the defendant's appellate argument is that the court terminated the short calendar proceeding at 5 p.m. and would not let him pursue a more complete examination of the plaintiff. He has noted that the court based its decision to conclude the hearing on Practice Book § 25-34. Section 25-34 provides that the court may assign a date certain for a short calendar matter that will take more than one hour. The transcript reveals, however, that neither of the parties accurately informed the court of the time necessary to present evidence and argument on the plaintiff's motion for alimony.[5] The

[5] At 4:45 p.m. on the date of the hearing, the court explained to the defendant's counsel that it was going to conclude the hearing at the end of the day, stating in part: "This is short calendar. Read the Practice Book. The Practice Book says anything more than an hour, this court has the discretion to put it off to another date somewhere down the line. All right? I chose to hear this because it was represented to me that it was about a half an hour, tops." Furthermore, earlier in the day, the court had noted for the benefit of both counsel: "I looked at the sheet this morning. It said— one of you put five minutes, the other put thirty minutes, and we're well beyond that." Although the amount of time the court devoted to the plaintiff's motion for alimony would appear to be relevant to the issue on appeal, given the basis of the court's decision to conclude the hearing, neither party provided this court with that information. See Practice Book § 25-34.

We have, however, a copy of the transcript of the short calendar matters related to this dissolution action that were heard by the court on March 17, 2003. The transcript is ninety-five pages long but does not indicate the time when certain matters were heard by the court. The first twelve or thirteen pages concern the approval of an agreement regarding a parenting or custody plan. That issue was passed and reconsidered by the court a number of times. During the discussions of all of the matters on the short calendar, the court noted that the motion for alimony would be heard in the afternoon.

At page thirteen of the transcript, the plaintiff's counsel addressed discovery related issues and the timeliness and manner of the defendant's disclosure and the defendant's discovery requests. The next fourteen pages of the transcript concern arguments of counsel and the court's rulings on those matters. At page thirty, the plaintiff's counsel called the defendant to the witness stand. During direct examination, the plaintiff's counsel entered a number of exhibits into evidence. Direct examination of the defendant concluded at page fifty-four of the transcript. The cross-examination by the defendant's counsel of the defendant appears on the next two pages. There

defendant argues that the court did not permit him to address all aspects of the plaintiff's financial affidavit. The transcript reveals that the defendant's counsel began her cross-examination of the plaintiff with questions to which the plaintiff's counsel objected. The court sustained the objections on the ground of relevancy. The defendant has claimed no error in that regard.

"The purpose of alimony pendente lite is to provide support to a spouse [whom] the court determines requires financial assistance pending the dissolution litigation and the ultimate determination of whether that spouse is entitled to an award of permanent alimony." (Internal quotation marks omitted.) *Milbauer* v. *Milbauer*, 54 Conn. App. 304, 311, 733 A.2d 907 (1999). Awards of pendente lite alimony and child support are modifiable on the court's determination of a substantial change in the circumstances of the parties. See General Statutes § 46b-86 (a).

Here, the defendant has not argued that the court's award is not consistent with the purpose of alimony pendente lite or that he is unable to pay the sums the court ordered. The plaintiff testified that her financial needs were consistent with what she spent while she resided with the defendant. We presume that the court considered this fact because it awarded the plaintiff a lesser sum of unallocated child support and alimony than she requested.

---

are several more pages of colloquy between counsel and the court.

The plaintiff testified beginning at page sixty-one and concluding at page seventy-one. The cross-examination by the defendant's counsel is included on pages seventy-one through eighty-seven. At page seventy-eight of the transcript, the defendant's counsel indicated that she may not conclude her cross-examination and that she would not have time to present her expert witness. At that time, the plaintiff's counsel noted that the defendant had not disclosed an expert witness who would testify. The remaining pages of the transcript concern arguments of the parties and the court's order.

On the basis of our review of the transcript, we conclude that the court devoted more than one hour of short calendar time to the plaintiff's motion for alimony.

Furthermore, we "will set aside an evidentiary ruling only when there has been a clear abuse of discretion. . . . [B]efore a party is entitled to a new trial because of an erroneous evidentiary ruling, he or she has the burden of demonstrating that the error was harmful. . . . The harmless error standard in a civil case is whether the improper ruling would likely affect the result. . . . When judging the likely effect of such a trial court ruling, the reviewing court is constrained to make its determination on the basis of the printed record before it. . . . In the absence of a showing that the [excluded] evidence would have affected the final result, its exclusion is harmless." (Citation omitted; internal quotation marks omitted.) *Kalams* v. *Giacchetto*, 268 Conn. 244, 249–50, 842 A.2d 1100 (2004).

The defendant has argued that he was harmed by the court's limiting his cross-examination of the plaintiff because he thinks that she inflated some expenses included on her financial affidavit. In this regard, he also argues that it was improper for the court not to permit his expert witness to testify.[6] If inflated expenses is the inquiry that the defendant wanted to undertake, he did not avail himself of it by pursuing such irrelevant questions as how the parties met and where the plaintiff got the earrings she was wearing. The plaintiff testified that her items of expense were based on what she spent when she lived with the defendant and that her current bills were being sent to and paid for by him. If that was the case, the defendant was in a position to know what he was paying for the plaintiff and could have used that information to contradict her. This he did not do.

The defendant also argued in his brief that because he was not permitted to cross-examine the plaintiff at

---

[6] When the defendant mentioned that he was prepared to offer expert testimony at the hearing, the plaintiff objected. The court never ruled on the objection but precluded the expert's testimony by concluding the hearing at 5 p.m.

length, he was unable to inquire into the facts underlying the court's pendente lite order.[7] The defendant's claim is a generalization. He has not pointed to anything regarding the plaintiff's financial affidavit for which he does not have sufficient information. He notes that the "fundamental purpose of alimony pendente lite is to provide the wife, during the pendency of the divorce action, with current support in accordance with her needs and the husband's ability to meet them." (Internal quotation marks omitted.) *Papa* v. *Papa*, 55 Conn. App. 47, 53, 737 A.2d 953 (1999). Given this rule, the defendant has not demonstrated that he has been harmed by the court's order because he is unable to meet the plaintiff's needs.

We conclude, therefore, that the court did not abuse its discretion by concluding the hearing at the end of the court day, thus limiting the duration of the defendant's cross-examination of the plaintiff.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[7] The defendant also argues that he will have difficulty proving a substantial change of circumstances should he file a motion for modification in the future. The circumstances of this case belie his fear. Subsequent to the subject hearing, the court reduced the amount of the security deposit the defendant was required to pay for the plaintiff's housing because she had found less expensive rental property. See footnote 3.