THIERRY ROSIER *v.* KATHLEEN ROSIER
(AC 27630)

Schaller, McLachlan and Freedman, Js.

Argued March 19—officially released August 21, 2007

*James H. Lee,* for the appellant (defendant).

*Andrew P. Nemiroff,* for the appellee (plaintiff).

*Opinion*

FREEDMAN, J. The defendant, Kathleen Rosier, appeals from the judgment of the trial court granting the motion of the plaintiff, Thierry Rosier, to modify child support. On appeal, the defendant argues that the court abused its discretion in ordering a modification of the child support previously ordered pursuant to an agreement of the parties. Although we conclude that the court, which found a substantial change in circumstances, improperly refused to allow the defendant to present evidence concerning the plaintiff's earnings prior to the last court order for purposes of determining earning capacity, we nonetheless determine that this error was harmless. Accordingly, we affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the defendant's appeal. The marriage of the parties was dissolved on December 18, 2002. The dissolution judgment incorporated by reference the terms of a separation agreement between the parties dated December 16, 2002. The separation agreement conferred legal custody of the parties' two minor children jointly in both parties with primary physical custody of the children to the defendant. The agreement further provided that "[c]ommencing on December 1, 2002 . . . the [plaintiff] shall pay to the [defendant] the sum of Two Thousand One Hundred Twenty-Five Dollars ($2,125.00) per child per month as child support for the minor children until each child graduates high school and attains the age of eighteen or reaches the age of 19 whichever shall first occur." This amount was in excess of the applicable child support guidelines, but the court found that it was equitable and reasonable under the circumstances.

On February 1, 2006, the plaintiff filed a motion to modify child support postjudgment in which he stated

that a change in financial circumstances had occurred.[1] Specifically, the plaintiff claimed that his income had been reduced significantly and his expenses had increased so that he could no longer afford the current support order. The plaintiff further expressed his belief that the defendant's income had increased since the time of the dissolution such that she was able to contribute to the support of the children. Following a hearing, the court granted the plaintiff's motion and ordered the plaintiff to pay the sum of $173 per week for the support of the two minor children. The court further ordered that the unreimbursed medical expenses incurred for the children were to be borne 62 percent by the defendant and 38 percent by the plaintiff. These orders were to become effective on March 1, 2006. The defendant has appealed from this order, claiming that the court, in granting the motion to modify, improperly excluded relevant evidence of the plaintiff's earnings for the five years prior to the last court order.[2]

[1] General Statutes § 46b-86 (a) provides in relevant part that "[a]ny final order for the periodic payment of permanent alimony or support or an order for alimony or support pendente lite may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party . . . ."

[2] The defendant also contends that the court improperly excluded evidence of the regular contributions from the plaintiff's current spouse. Specifically, the defendant contends that the court improperly excluded photographs of the house in which the plaintiff resides with his current wife. Aside from the general assertion of this claim in the defendant's brief, however, the defendant has failed to analyze this issue, other than to reference the colloquy that took place in court when the defendant attempted to introduce the photographs into evidence.

"We are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . We consistently have held that [a]nalysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . [A]ssignments of error which are merely mentioned but not briefed beyond a statement of the claim will be deemed abandoned and will not be reviewed by this court. . . . Where the parties cite no law and provide no analysis of their claims, we do not review such claims." (Internal quotation marks omitted.) *Zbras* v. *St. Vincent's Medical Center*, 91 Conn. App. 289, 295, 880 A.2d 999, cert. denied, 276 Conn. 910, 886 A.2d 424 (2005).

Before addressing the merits of the defendant's claim, we must first state the applicable standard of review. "General Statutes § 46b-86 governs the modification or termination of an alimony or support order after the date of a dissolution judgment. . . . A final order for child support may be modified by the trial court upon a showing of a substantial change in the circumstances of either party. . . . The party seeking modification bears the burden of showing the existence of a substantial change in the circumstances." (Citation omitted; internal quotation marks omitted.) *Fish* v. *Igoe*, 83 Conn. App. 398, 406, 849 A.2d 910, cert. denied, 271 Conn. 921, 859 A.2d 577 (2004). "An appellate court will not disturb a trial court's orders in domestic relations cases unless the court has abused its discretion or it is found that it could not reasonably conclude as it did, based on the facts presented. . . . In determining whether a trial court has abused its broad discretion in domestic relations matters, we allow every reasonable presumption in favor of the correctness of its action." (Internal quotation marks omitted.) *Aley* v. *Aley*, 101 Conn. App. 220, 223, 922 A.2d 184 (2007).

"Furthermore, we will set aside an evidentiary ruling only when there has been a clear abuse of discretion. . . . [B]efore a party is entitled to a new trial because of an erroneous evidentiary ruling, he or she has the burden of demonstrating that the error was harmful. . . . The harmless error standard in a civil case is whether the improper ruling would likely affect the result. . . . When judging the likely effect of such a trial court ruling, the reviewing court is constrained to make its determination on the basis of the printed record before it. . . . In the absence of a showing that the [excluded] evidence would have affected the final result, its exclusion is harmless." (Internal quotation marks omitted.) *Friezo* v. *Friezo*, 84 Conn. App. 727,

733, 854 A.2d 1119, cert. denied, 271 Conn. 932, 859 A.2d 930 (2004).

The following additional facts are necessary in order to address the defendant's claim that the court improperly excluded relevant evidence of the plaintiff's earnings for the five year period preceding the parties' divorce. The financial affidavit submitted by the plaintiff at the time of the dissolution reflected an average gross monthly income of $12,500 and a total net monthly income of $6934. This affidavit also reflected assets of $1,124,078.43, liabilities of $312,753.12 and monthly expenses of $17,008.12. The affidavit submitted by the defendant at the time of dissolution reflected an average gross monthly income of $2500 and an average monthly net income of $2000. This affidavit also reflected assets of $994,300, liabilities of $164,432.13 and monthly expenses of $9519.

The plaintiff's financial affidavit dated February 22, 2006, submitted in connection with his motion to modify child support, reflected an average gross monthly income of $4000 and a total net monthly income of $2768. This affidavit also reflected assets of $890,614.38, liabilities of $166,293.16 and monthly expenses of $15,235.79. The defendant's financial affidavit dated March 15, 2006, also submitted in conjunction with the modification hearing, reflected an average monthly income of $2000 from her employment as an interior designer plus $4250 in child support for a total monthly income of $6250. This affidavit also reflected assets of $1,842,068.37, liabilities of $37,096.76 and monthly expenses of $8561.

At the hearing on the motion to modify, the plaintiff, a wholesaler of interior design products, attributed the reduction in his income to a shift in the industry away from elaborate decor, an increased number of competitors and the fact that the European dollar had risen 25 to 30 percent in the three years prior to the modification

hearing, thus making the cost of goods much higher. The court found that because the plaintiff's business involves purchasing merchandise in Europe for resale in this country, his margins had eroded. The plaintiff testified that he did not go to work every day but that he was "exploring other possibilities of occupation." On cross-examination, the defendant sought to question the plaintiff regarding his income during the five years preceding the parties' divorce. The court, relying on *Borkowski* v. *Borkowski*, 228 Conn. 729, 638 A.2d 1060 (1994), precluded this line of inquiry. According to the court, *Borkowski* precluded any inquiry that would seek to relitigate the original judgment and would therefore go "behind the judgment."[3] The court stated that such an inquiry "violates the case law."[4] The defendant claims,

[3] The following colloquy took place at the hearing on March 17, 2006:

"[The Defendant's Counsel]: So, would you say that prior to 2002, that the income that was indicated on your 2002 financial affidavit of $12,500 a month, was that fairly—was that a fair average of what you would earn in the years up to then?

"[The Plaintiff's Counsel]: Objection, Your Honor. I—years up to then, that could be twenty years, so I would object on the grounds of relevance and the fact that the question has no framework in time. If he's just saying up till then and he has been in business twenty years, I don't think that helps the court to know what happened over a twenty year period prior to 2002.

"[The Defendant's Counsel]: I withdraw it, Your Honor. I agree with [the plaintiff's counsel]. . . . *How about in the five years prior to 2002?*

"[The Plaintiff's Counsel]: Objection, Your Honor, relevance.

"The Court: I have a problem with that because *Borkowski* instructs that number one, you can't go behind the judgment. Number two, the court on a postjudgment modification must contrast the circumstances that surrounded the entry of the current order with today's circumstances where the current order is sought to be modified. So, your question violates the case law.

"[The Defendant's Counsel]: If I'm not mistaken, Your Honor, the case law also provides, however, that the court is entitled to consider the witnesses for any potential.

"The Court: That's right. But I'm not entitled to go behind the judgment, and that's my ruling, and that's what I stick to, counsel. Don't talk about any time frame prior to the entry of judgment, please.

"[The Defendant's Counsel]: Okay."

[4] The court later stated: "[E]arning capacity only comes into play after you first prove a level of talent that's not being exercised, and instead of

however, that she was not seeking to relitigate the plaintiff's income at the time of the dissolution; rather, the defendant contends that she was seeking to demonstrate that the plaintiff's income at that time was not an anomaly but was representative of his earning capacity. The defendant argues that evidence of the plaintiff's average income during the five years prior to the divorce would have been relevant to establish this fact. We agree that the defendant should have been permitted to question the plaintiff regarding his earning capacity for the five years prior to the divorce. We conclude, however, that any error in this regard was harmless.

In *Borkowski* v. *Borkowski*, supra, 228 Conn. 738, our Supreme Court held that in considering a motion to modify or terminate an alimony or support order pursuant to § 46b-86, the court is limited to a comparison between the current conditions and the last court order. "To obtain a modification, the moving party must demonstrate that circumstances have changed since the last court order such that it would be unjust or inequitable to hold either party to it. Because the establishment of changed circumstances is a condition precedent to a party's relief, it is pertinent for the trial court to inquire as to what, if any, new circumstance warrants a modification of the existing order. . . . The power of the trial court to modify the existing order does not, however, include the power to retry issues already decided . . . or to allow the parties to use a motion to modify as an appeal. . . . [The court's] inquiry is necessarily confined to a comparison between the current conditions and the last court order. To permit the trial court to reconsider all evidence dating from before the original divorce proceedings, in determining the

exercising those talents, the person is cutting lawns. That's the case. And that didn't happen. There was no evidence indicating that [the plaintiff] was not exercising his talents."

adjustment of [support], would be, in effect, to undermine the policy behind the well established rule of limiting proof of the substantial change of circumstances to events occurring subsequent to the latest [support] order—the avoidance of relitigating matters already settled." (Citations omitted; internal quotation marks omitted.) Id., 737–38.

*Borkowski* makes it clear that in determining whether there has been a substantial change in circumstances, the court may not look at conditions prior to the last court order. Applying this principle, the court in *Borkowski* held that "by considering evidence of events and conditions antecedent to the last modification, the trial court applied an incorrect legal standard in determining whether there had been a substantial change of circumstances warranting a modification." Id., 740. If, however, there has been a substantial change in circumstances, "[t]his limitation . . . does *not* prevent a trial court from considering relevant evidence of a party's circumstances prior to and subsequent to the last applicable court order if needed for purposes of a reasonable comparison. It is within the trial court's discretion to ascertain what financial information is relevant." (Emphasis added.) *Denley* v. *Denley,* 38 Conn. App. 349, 352, 661 A.2d 628 (1995). "It is well established that the trial court may under appropriate circumstances in a marital dissolution proceeding base financial awards on the earning capacity of the parties rather than on actual earned income. . . . Earning capacity, in this context, is not an amount which a person can theoretically earn, nor is it confined to actual income, but rather it is an amount which a person can realistically be expected to earn considering such things as his vocational skills, employability, age and health." (Citation omitted; internal quotation marks omitted.) *Weinstein* v. *Weinstein,* 280 Conn. 764, 772, 911 A.2d 1077 (2007).

In *Denley* v. *Denley*, supra, 38 Conn. App. 350, the marriage of the plaintiff and the defendant was dissolved on March 10, 1992. On April 21, 1993, the plaintiff filed a motion for modification of alimony and support payments, claiming that there had been a substantial change in his financial circumstances since the entry of the decree. Id. Following a hearing on the motion for modification, during which the court considered evidence of the plaintiff's income from 1991, 1992 and part of 1993, the court denied the plaintiff's motion. Id. On appeal, the plaintiff argued that the court should not have allowed evidence of his income from 1991 and 1992 to be introduced and considered. Id., 351. We disagreed with the plaintiff's argument, noting that the court had contrasted his financial information from the last full calendar year prior to the dissolution judgment with the first full calendar year postjudgment. Id., 352. We stated that "[t]he plaintiff is a commissioned salesman whose income varies from month to month. Therefore, it was not an abuse of discretion for the trial court to have reviewed a block of time exceeding that included in the plaintiff's latest financial affidavit to obtain an accurate picture of the plaintiff's financial circumstances. The trial court did not abuse its discretion by comparing the plaintiff's financial condition as it did." Id., 352–53.

As in *Denley*, we conclude that the court was permitted to consider evidence of the plaintiff's income prior to the dissolution judgment for purposes relating to earning capacity. We agree that the defendant was not permitted to relitigate the plaintiff's income at the time of the dissolution, nor was she permitted to examine the plaintiff's income prior to the last court order for purposes of determining a substantial change in circumstances. It was, however, within the court's discretion to allow the defendant to establish the plaintiff's earning capacity for purposes of a reasonable comparison. We

further conclude, however, that any error in this regard was harmless. Although the court did not allow evidence of the plaintiff's earning capacity for the five years preceding the parties' divorce, the court did not exclude evidence of earning capacity from the time of the dissolution in 2002 until the modification in 2006; the defendant, however, did not put forth any evidence to establish the plaintiff's earning capacity during this time period, nor did the defendant submit any evidence to contradict the information contained on the plaintiff's financial affidavit. At no time did the defendant indicate to the court that she was prepared to demonstrate how the plaintiff's earnings prior to the last court order could be used to establish earning capacity other than that it was higher than it was at the time of the modification hearing. Under these circumstances, we conclude that any error in excluding evidence pertaining to the plaintiff's income for the five years prior to the parties' divorce was harmless.

The judgment is affirmed.

In this opinion the other judges concurred.