SALLY A. CROALL, ADMINISTRATRIX (ESTATE OF KARL B. KOHLER) *v.* KARL S. KOHLER
(AC 27643)

DiPentima, McLachlan and Gruendel, Js.

Argued January 22—officially released April 8, 2008

*William J. Nulsen,* for the appellant (plaintiff).

*William V. Gambardella,* for the appellee (defendant).

*Opinion*

DiPENTIMA, J. The plaintiff, Sally A. Croall, administratrix of the estate of Karl B. Kohler, appeals from the judgment of the trial court awarding the defendant, Karl S. Kohler, a setoff against its judgment in favor of the plaintiff.[1] Specifically, the plaintiff claims that there was insufficient evidence to support the court's determination of the amount of the setoff. We affirm the judgment of the trial court.

---

[1] In his brief, the defendant claims that he was entitled to a greater setoff than the court awarded him. Because the defendant failed to file a cross appeal in this matter, however, we decline to review his claim. See Practice Book § 61-8; *Statewide Grievance Committee* v. *Burton,* 88 Conn. App. 523, 524 n.2, 871 A.2d 380 (2005), aff'd, 282 Conn. 1, 917 A.2d 966 (2007).

The following facts are undisputed. The decedent, Karl B. Kohler, had six children, including the parties to this litigation. In 1996, while residing in Madison, the decedent was diagnosed with dementia and, sometime thereafter, with Alzheimer's disease. The decedent's health deteriorated following his diagnoses, and the defendant assumed the responsibility of caring for him, which gradually increased in correlation with the decedent's needs. During the two years following his father's diagnoses, the defendant eventually visited his father on a daily basis, taking him to doctor's appointments, taking him shopping, maintaining his house and paying his bills. As a result of his attention to his father's needs, the defendant suffered setbacks in his career and lost substantial income. Finally, in September, 1998, the defendant, with the assistance of his siblings, moved his father from his home in Madison to an assisted living facility and acquired a power of attorney to conduct his father's personal affairs. Pursuant to the power of attorney, the defendant used his expertise as a financial services professional to distribute some of his father's assets to other family members in order to minimize certain tax consequences. The defendant also appropriated for his use $106,000 as compensation and reimbursement for the services that he had rendered for his father. The decedent died testate on July 26, 2000, leaving his estate to his six adult children in equal shares.

On February 5, 2004, the plaintiff filed a complaint seeking, inter alia, reimbursement to the decedent's estate for the money that the defendant had "unlawfully appropriated" for his personal use. At a hearing on March 31, 2006, the parties stipulated that the defendant had used $106,000 of his father's assets for the defendant's benefit and that, as a setoff to the plaintiff's claim, the defendant was entitled to keep as compensation the value of the services that he had rendered to his

father from 1996 until his death in 2000. On April 10, 2006, the court issued a memorandum of decision rendering judgment in favor of the plaintiff but reducing her claim of $106,000 by awarding certain setoffs to the defendant. Specifically, the court awarded $500 per month as compensation for the year 1996, $1000 per month as compensation for the year 1997, $2000 per month as compensation for the first nine months of 1998 and $7500 as reimbursement for costs incurred to store the decedent's personal effects,[2] for a total setoff of $43,500. Accordingly, the court rendered judgment in favor of the plaintiff in the amount of $62,500. This appeal followed.

The plaintiff claims that there was no evidence produced at the hearing to support the court's calculation of the setoff. We disagree.

We first set forth our standard of review for a claim of this nature. "In Connecticut, a setoff may be legal or equitable in nature. . . . When the statutes governing legal setoff do not apply, a party may be entitled to equitable setoff, nonetheless, only to enforce the simple but clear natural equity in a given case." (Citations omitted; internal quotation marks omitted.) *OCI Mortgage Corp.* v. *Marchese*, 255 Conn. 448, 463–64, 774 A.2d 940 (2001). In this case, there is no statute governing the defendant's claim for a setoff. The defendant, therefore, claims an equitable setoff.

We will reverse a trial court's exercise of its equitable powers "only if it appears that the trial court's decision is unreasonable or creates an injustice. . . . [E]quitable power must be exercised equitably . . . [but] [t]he

---

[2] The plaintiff challenges both the $36,000 awarded by the court as compensation and the $7500 awarded by the court as reimbursement. The plaintiff, however, failed to brief her claim with respect to the $7500 reimbursement. Accordingly, the plaintiff has abandoned that claim. See *Rosier* v. *Rosier*, 103 Conn. App. 338, 340 n.2, 928 A.2d 1228, cert. denied, 284 Conn. 932, 934 A.2d 247 (2007).

determination of what equity requires in a particular case, the balancing of the equities, is a matter for the discretion of the trial court." (Citations omitted; internal quotation marks omitted.) *Connecticut Bank & Trust Co.* v. *Winters*, 225 Conn. 146, 161–62, 622 A.2d 536 (1993). "In determining whether the trial court has abused its discretion, we must make every reasonable presumption in favor of the correctness of its action. . . . Our review of a trial court's exercise of the legal discretion vested in it is limited to the questions of whether the trial court correctly applied the law and could reasonably have reached the conclusion that it did." (Internal quotation marks omitted.) *Franklin Credit Management Corp.* v. *Nicholas*, 73 Conn. App. 830, 838, 812 A.2d 51 (2002), cert. denied, 262 Conn. 937, 815 A.2d 136 (2003). "An equitable award may be found to be error only if it is based on factual findings that are clearly erroneous . . . ." (Citations omitted; internal quotation marks omitted.) *Colonial Bank & Trust Co.* v. *Matoff*, 18 Conn. App. 20, 30, 556 A.2d 619 (1989).

The plaintiff argues that the court received no evidence to support its finding that the value of the services rendered by the defendant was as set forth in the memorandum of decision. Our review of the record, however, reveals that during the hearing, several family members of the decedent, including the parties, testified regarding the nature and extent of the services rendered by the defendant. Three witnesses, including the defendant, the defendant's brother and the decedent's sister, gave uncontroverted testimony that the value of the services rendered by the defendant equaled or exceeded $106,000. The court could have credited this testimony and awarded the defendant a setoff in the entire amount of the plaintiff's claim. We are not convinced that, in light of such testimony, the court's award of a lesser

amount is unreasonable or creates an injustice, regardless of how it calculated that lesser amount. Accordingly, we cannot conclude that the court's findings with respect to the value of the defendant's services were clearly erroneous or that the court abused its discretion by awarding a setoff in the amount of $36,000 as compensation for the services rendered to the decedent.

The judgment is affirmed.

In this opinion the other judges concurred.