******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

MARGARET ROBINSON *v.* DONALD J. ROBINSON
(AC 38222)

DiPentima, C. J., and Beach and Pellegrino, Js.

*Submitted on briefs November 18, 2016—officially released April 25, 2017*

(Appeal from Superior Court, judicial district of New

London at Norwich, Goodrow, J. [dissolution judgment]; Carbonneau, J. [motion for modification of child support and custody].)

*Donald J. Robinson*, self-represented, the appellant (defendant), filed a brief.

*Opinion*

BEACH, J. The defendant, Donald J. Robinson, appeals from the judgment of the trial court denying his postjudgment motion to modify his child support obligation to the plaintiff, Margaret Robinson. The defendant claims that the court erroneously denied his motion for modification because (1) its calculation of presumptive child support was erroneous; (2) it erroneously found shared physical custody; and (3) there was no justification for ordering an upward deviation from the presumptive amount of child support provided for in the guidelines. We do not agree and affirm the judgment of the trial court.

The record discloses the following relevant facts and procedural history. The parties were married in September, 1993. There are four minor children issue of the marriage. The parties were divorced on February 3, 2014. The divorce was uncontested and the court incorporated by reference the parties' separation agreement in its judgment of dissolution. That agreement provided that the parties were to share joint legal custody of their minor children, whose primary residence was to be with the plaintiff, while the defendant was to enjoy "liberal and unrestricted parental access." It also provided that the defendant was to pay the plaintiff $400 per week in child support for the first year subsequent to the dissolution, $300 per week in the second year, and $200 per week in the third year.[1] The agreement provided as well that the defendant was to pay periodic alimony to the plaintiff in the amount of $1000 per week.[2]

On June 18, 2015, the self-represented defendant[3] moved for a downward modification of child support and a modification in the formal custody status, such that the primary residence of the three minor children, who were then actually living with him, be changed to reflect that reality.[4] Following a hearing, the court denied the defendant's motion for modification of child support. The court did order that the primary residence of three of the four then minor children be changed so that it would be with the defendant, but found, nonetheless, that there was a shared physical custody arrangement. The court found that the presumptive amount of child support according to the guidelines was $221 per week, but that an upward deviation to $300 per week, the same amount called for in the agreement and the dissolution judgment, was justified in the circumstances. This appeal followed.

I

The defendant first claims that the court erred in its calculation of presumptive child support, because, in its application of the child support guidelines, it neither reduced the defendant's income by the amount of alimony he paid nor increased the plaintiff's income by a

corresponding amount. We disagree.

The defendant contends that § 46b-215a-1 (11) (B) of the Regulations of Connecticut State Agencies is specific as to the items excluded from the definition of "gross income," and because that list does not include alimony as an exclusion, it must be included in the income attributed to the plaintiff.[5] He further argues that the list in § 46b-215a (11) (A) of twenty-two items included as "gross income" is nonexhaustive; therefore, the fact that alimony is not included in that list is not dispositive. The amount of alimony, then, should have been added to the plaintiff's income and subtracted from the defendant's income for the purpose of computing the proportionate shares of child support to be paid by either party under the guidelines, according to the defendant's reasoning.

"Our review of the court's interpretation of . . . § 46b–215a–1 (11) . . . of the Regulations of Connecticut State Agencies is plenary." *Lusa* v. *Grunberg*, 101 Conn. App. 739, 761, 923 A.2d 795 (2007). Section 46b-215a-1 (11) of the Regulations of Connecticut State Agencies defines gross income as "the average weekly earned and unearned income from all sources before deductions . . . ." That section includes a nonexhaustive list of twenty-two inclusions. In that list of inclusions is: "alimony being paid by an individual *who is not a party to the support determination.*" (Emphasis added.) Regs., Conn. State Agencies § 46b-215a-1 (11) (A) (xix). The specific wording of this inclusion makes clear that only alimony received from a nonparty to the support determination is included in gross income. See *Felician Sisters of St. Francis of Connecticut, Inc.* v. *Historic District Commission*, 284 Conn. 838, 850–51, 937 A.2d 39, 48 (2008) ("the tenet of statutory construction referred to as expressio unius est exclusio alterius . . . may be translated as the expression of one thing is the exclusion of another. . . . [W]here express exceptions are made, the legal presumption is that the legislature did not intend to save other cases from the operation of the statute." [Internal quotation marks omitted.]); see also *Teresa T.* v. *Ragaglia*, 272 Conn. 734, 751, 865 A.2d 428 (2005) (agency regulations construed in accordance with accepted rules of statutory construction). Because the defendant is a party to the action, his alimony payments to the plaintiff are not included as income to her. Further, alimony paid is not listed as an exclusion serving to reduce the defendant's income for the purpose of determining child support payments. See Regs., Conn. State Agencies § 46b-215a-1 (11) (B). We conclude that the court properly applied the guidelines to find that the presumptive amount of child support to be paid by the defendant was $221 per week.[6]

## II

The defendant next claims that the court erred in

finding a shared physical custody arrangement. We note at the outset that this appeal presents a degree of analytical murkiness. The defendant's motion for modification was, by its terms, grounded on the proposition that there had been a substantial change of circumstances because of the change of residence of three of the children. The court, which did not write a formal memorandum of decision but, rather, announced its decision on the record and issued brief written orders, appears to have reasoned that there had been a change of circumstances, but that the change did not equitably compel a departure from the prior agreement in the amount of child support to be paid. The court further based its ultimate decision on a finding that the child support guidelines provided for a presumptive payment of $221 per week, and an upward deviation to $300 per week was justified, at least in part, by a finding of shared physical custody and the inability of the plaintiff to provide appropriately unless she received the greater amount. In this context, the self-represented defendant quite understandably chose to address the court's reasoning in his statement of issues on appeal and for most of his argument. The equitable considerations underlying decisions whether to deviate from the guidelines are consistent with the more general considerations underlying motions to modify, and indeed overlap in the unusual circumstances of this appeal.

We address, then, the defendant's claim that the court erred in denying his motion for modification, and justifying an upward deviation from the guidelines, by finding shared physical custody,[7] despite having found that three children primarily resided with the defendant. The standards to be applied in reviewing such orders are well established.

"An appellate court will not disturb a trial court's orders in domestic relations cases unless the court has abused its discretion or it is found that it could not reasonably conclude as it did, based on the facts presented. . . . In determining whether a trial court has abused its broad discretion in domestic relations matters, we allow every reasonable presumption in favor of the correctness of its action. . . . Trial courts have broad discretion in deciding motions for modification." (Internal quotation marks omitted.) *Pite* v. *Pite*, 135 Conn. App. 819, 824, 43 A.3d 229, cert. denied, 306 Conn. 901, 52 A.3d 728 (2012). "[T]o the extent that the trial court has made findings of fact, our review is limited to deciding whether those findings were clearly erroneous." (Internal quotation marks omitted.) *Elm City Cheese Co.* v. *Federico*, 251 Conn. 59, 68, 752 A.2d 1037 (1999).

"General Statutes § 46b–86 governs the modification of a child support order after the date of a dissolution judgment. . . . Section 46b–86 (a) permits the court to modify child support orders in two alternative cir-

cumstances. Pursuant to this statute, a court may not modify a child support order unless there is first either (1) a showing of a substantial change in the circumstances of either party or (2) a showing that the final order for child support substantially deviates from the child support guidelines . . . ." (Internal quotation marks omitted.) *Budrawich* v. *Budrawich*, 156 Conn. App. 628, 638, 115 A.3d 39, cert. denied, 317 Conn. 921, 118 A.3d 63 (2015).[8]

"When presented with a motion to modify child support orders on the basis of a substantial change in circumstances, a court must first determine whether there has been a substantial change in the financial circumstances of one or both of the parties. . . . Second, if the court finds a substantial change in circumstances, it may properly consider the motion and . . . make an order for modification. . . . A party moving for a modification of a child support order must clearly and definitely establish the occurrence of a substantial change in circumstances of either party that makes the continuation of the prior order unfair and improper." (Internal quotation marks omitted.) Id., 639.

"[I]n considering a motion to modify or terminate an alimony or support order pursuant to § 46b–86, the court is limited to a comparison between the current conditions and the last court order. To obtain a modification, the moving party must demonstrate that circumstances have changed since the last court order such that it would be unjust or inequitable to hold either party to it. Because the establishment of changed circumstances is a condition precedent to a party's relief, it is pertinent for the trial court to inquire as to what, if any, new circumstance warrants a modification of the existing order. . . . The power of the trial court to modify the existing order does not, however, include the power to retry issues already decided . . . or to allow the parties to use a motion to modify as an appeal. . . . [The court's] inquiry is necessarily confined to a comparison between the current conditions and the last court order. To permit the trial court to reconsider all evidence dating from before the original divorce proceedings, in determining the adjustment of [support], would be, in effect, to undermine the policy behind the well established rule of limiting proof of the substantial change of circumstances to events occurring subsequent to the latest [support] order— the avoidance of relitigating matters already settled." (Internal quotation marks omitted.) *Rosier* v. *Rosier*, 103 Conn. App. 338, 344–45, 928 A.2d 1228, cert. denied, 284 Conn. 932, 934 A.2d 247 (2007).

As discussed previously in this opinion, the defendant alleged in his motion for modification that there had been a substantial change of circumstances because three of the four children had moved in with him. The court found that the children had in fact moved, so

that circumstances had changed, to that extent. But the court found that the change did not compel a lowering of the amount of child support to be paid by the defendant, at least partly because there effectively was shared physical custody.[9]

The court's finding of shared physical custody was not clearly erroneous. The court noted that there was no set parenting schedule, and that the children "pretty much come and go as they please." The court alluded to the guidelines: "[S]hared physical custody means a situation in which the physical residence of the child—children is shared by the parents in a manner that ensures that the children have substantially equal time and contact with both parents and exactly equal sharing of physical care and control of the children is not required for a finding of shared physical custody."[10] The plaintiff's testimony supported this finding: she explained that the children "sleep at [the defendant's] house, but they're at my house constantly . . . ." She explained that "there's no schedule," "we never know when you're gonna have kids or not. . . . [T]he kids are at any age where if . . . they're happy here, things are going well, fine, but the minute someone tells you to do the dishes, you run to the other person's house." The court explained: "we're not dealing with children. We're dealing with young adults, and it sounds like they move fairly freely between your households . . . ." The court concluded that "what's really needed here is for both households to be able to receive the children until they graduate from high school." The court did not abuse its discretion in finding shared physical custody.

### III

The final question is whether, having found the presumptive amount of child support and shared physical custody, the court abused its discretion in deviating upward from the presumptive amount. Stated from the perspective of the motion for modification, the issue is whether, in light of the change of circumstance, i.e., the change in primary residence, the court abused its discretion in not decreasing the amount of child support. We conclude that the court did not abuse its discretion.

As discussed previously, a party seeking a modification must show that the continuation of the prior order would be unfair or inequitable. *Budrawich* v. *Budrawich*, supra, 156 Conn. App. 639; *Rosier* v. *Rosier*, supra, 103 Conn. App. 338. Similarly, a court may deviate from the presumptive amount of child care if the procedures outlined in § 46b-215a-5c of the regulations are followed. Notably, an agreement may provide a sufficient basis for a deviation when the agreement cites deviation criteria; the presumptive amount also "may be rebutted by a specific finding on the record that such amount would be inequitable or inappropriate in a particular case." Regs., Conn. State Agencies § 46b-215a-5c (a).

The regulations also provide for "special circumstances," which include the best interests of the child and "other equitable factors." Regs., Conn. State Agencies §§ 46b-215a-5c (b) (6) (D) and (E).

The court found that it would be inequitable to modify the existing child support orders; it stated: "If I undo what was done previously, even though the circumstances may have changed in terms of primary residence, it would be unfair and inequitable to, in essence, elevate one household and diminish the other household. So, the orders will remain—the order that I've been asked to modify will remain exactly where it is right now . . . ." The court essentially found that, under the circumstances in which the parties shared custody of the children, and both households needed to be maintained in a manner capable of receiving the children, it would be unfair and inequitable to modify the amount of child support specified in the separation agreement, despite the fact that the amount was higher than the presumptive amount contemplated by the child support guidelines. The court expressed the concern that if it "were to lower the child support . . . there would [not] be sufficient remaining funds for the receiving parent to meet the basic needs of the children after that deviation." See *Amodio* v. *Amodio*, 56 Conn. App. 459, 467, 743 A.2d 1135 (purpose of guidelines is to ensure that parent responsible for child support does not pay less than amount dictated by guidelines), cert. granted on other grounds, 253 Conn. 910, 754 A.2d 160 (2000) (appeal withdrawn September 27, 2000). Under these circumstances we do not conclude that the court abused its discretion in denying the defendant's motion for modification.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] During year two, three of the children, who are triplets, would turn eighteen and during year three, the youngest child would turn eighteen.

[2] There were provisions for the termination of alimony that are not relevant to this opinion.

[3] Both parties were self-represented at the hearing on the motion for modification.

[4] This was the defendant's second motion for modification. The defendant previously had filed a motion for modification on March 20, 2015, which was substantially similar to the second motion.

[5] Although, according to the defendant, the lack of specific exclusion from income lends support to the conclusion that the plaintiff's income should have been increased by the amount of alimony *received*, we note that there similarly is no express deduction from income for alimony *paid*.

[6] We note that there is no inherent unfairness in not adjusting the respective incomes to reflect alimony orders. In general, if child support orders are calculated first, any award of alimony can then be made with the support orders in mind. In this case, of course, the prior orders were entered by agreement.

[7] A close reading of the court's reasoning leaves some doubt as to whether a precise *finding* of shared physical custody mattered in the resolution of the case. The court discussed shared physical custody in the context of the need for the plaintiff to provide for the children, regardless of where they formally resided. The deviation was also predicated on that equitable concern, especially in light of the prior agreement to pay $300 per week.

[8] As previously noted, both potential rationales for modifying the defen-

dant's child support obligations are addressed in this opinion.

[9] Section 46b-215a-1 (23) of the Regulations of Connecticut State Agencies defines "[s]hared physical custody" as "a situation in which the physical residence of the child is shared by the parents in a manner that ensures the child has substantially equal time and contact with both parents. An exactly equal sharing of physical care and control of the child is not required for a finding of shared physical custody."

The defendant brought his motion for modification based on a substantial change in circumstances, and did not base the motion for modification on a claim that the final order substantially deviated from the child support guidelines. The court's finding of an arrangement in which the parents equally share custody is relevant to whether the circumstances have substantially changed under § 46b-86 so as to warrant a modification of the current support order.

[10] See footnote 9 of this opinion.

———————————————