******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

KATE B. CYGANOVICH *v.*
THOMAS J. CYGANOVICH
(AC 41445)

Alvord, Sheldon and Eveleigh, Js.

*Syllabus*

The defendant, whose marriage to the plaintiff previously had been dis-
solved, appealed to this court from the judgment of the trial court
resolving several of the parties' postjudgment motions. The defendant
claimed, inter alia, that the trial court, in granting his motion for a
modification of child support, improperly calculated his modified child
support obligation. *Held* that the trial court did not abuse its discretion
by ordering the defendant to pay child support in the amount of $225
per week, or $975 per month; it having been undisputed that the parties
in the present case shared custody of their child, the defendant was not
entitled to modified child support in an amount calculated according
to the formula applicable to a split custody arrangement, and although
the parties had a shared custody agreement in which they each have
custody of their child 50 percent of the time, evidence was presented
from which the court could have found that the parties do not spend
equal amounts of money to support their child, and, therefore, the record
did not support the defendant's contention that the parties spend equal
amounts of money to support their child, or his claim that they testified
as such at the hearing.

Argued January 8—officially released April 9, 2019

*Procedural History*

Action for the dissolution of a marriage, and for other
relief, brought to the Superior Court in the judicial dis-
trict of Stamford-Norwalk and tried to the court, *Hon.
Stanley Novack*, judge trial referee; judgment dissolving
the marriage and granting certain other relief; there-
after, the court, *Heller, J.*, granted the defendant's
motion for modification of child support and denied
the plaintiff's motion for contempt, and the defendant
appealed to this court. *Affirmed.*

*Thomas J. Cyganovich*, self-represented, the appel-
lant (defendant).

*Kate B. Cyganovich*, self-represented, the appellee
(plaintiff).

*Opinion*

ALVORD, J. In this postdissolution matter, the defendant, Thomas J. Cyganovich, appeals from the judgment of the trial court resolving several of the parties' postjudgment motions. On appeal, the defendant claims that the court improperly calculated his modified child support obligation.[1] We affirm the judgment of the trial court.

The record reveals the following undisputed facts and procedural history. The defendant married the plaintiff, Kate B. Cyganovich, on December 30, 2008. During the marriage, the parties had one child together. On June 13, 2016, the plaintiff filed the underlying complaint for dissolution of marriage. On June 30, 2016,[2] the court rendered judgment dissolving the parties' marriage.

The judgment of dissolution incorporated by reference the terms of a separation agreement, which was dated June 22, 2016, and had been filed with the court on June 23, 2016. Under the terms of the separation agreement, the defendant was obligated to pay to the plaintiff $1291 per month, or $298 per week, in child support. In addition, the separation agreement provided for a shared custody arrangement with respect to the parties' child.[3]

In September, 2017, pursuant to the terms of the separation agreement,[4] the plaintiff informed the defendant that her income had increased. At the time the dissolution judgment was rendered, the plaintiff's net weekly income had been $674. Because she had changed employment, the plaintiff's net weekly income had increased to $1000.

On September 14, 2017, the defendant filed a motion for modification, postjudgment, in which he sought a reduction in the amount of child support that he is obligated to pay, due to a substantial change in the financial circumstances of the parties. On September 27, 2017, the plaintiff filed a motion for modification, postjudgment, to modify the terms of the dissolution judgment with respect to the allocation of the health insurance premiums paid by the parties for their minor child.

Prior to the parties' hearing on the postjudgment motions, a family relations officer prepared a child support guidelines worksheet for the parties. According to the worksheet, the family relations officer concluded that the presumptive child support obligation was $424 per week, of which the plaintiff's share was 37 percent, or $157 per week, and the defendant's share was 63 percent, or $267 per week. In addition, on the first page of the worksheet, the family relations officer provided a handwritten notation: "Split custody $110."

On November 6, 2017, the trial court, *Heller, J.*, held a hearing on the parties' postjudgment motions. In addi-

tion to arguing that the child support order should be modified due to a substantial change in the parties' financial circumstances, the defendant urged the court to deviate from the presumptive support amount because of the parties' shared custody arrangement.

The defendant also alerted the court to the family relations officer's calculation. He explained that the family relations officer "took [his] obligation and subtracted [the plaintiff]'s obligation amount so the [$110] was the difference from what [his] obligation would be minus hers." The court noted that it would look at the family relations officer's analysis.

In its memorandum of decision issued on March 5, 2018, the court granted the defendant's motion for modification and denied the plaintiff's motion for modification.[5] In granting the defendant's motion for modification, the court ordered the defendant to pay child support in the amount of $225 per week, or $975 per month, a decrease of $316 per month. The court found that the defendant had met his burden of proving that there had been a substantial change in the financial circumstances of the parties since the rendering of the dissolution judgment. The court determined that, since the dissolution judgment, the plaintiff's net weekly income had increased by 50 percent and her weekly expenses had decreased by more than $500. In addition, the defendant's net weekly income had increased more modestly, but his weekly expenses had increased by almost $350. The court therefore concluded that modification of the child support order was warranted.

The court recalculated the parties' presumptive weekly child support obligations. According to the court's calculation, the parties' presumptive weekly child support obligation is $425, of which the plaintiff is responsible for 38 percent, or $161 per week, and the defendant is responsible for 62 percent, or $264 per week. The court further noted that the defendant's monthly child support obligation under the guidelines would be $1144 per month, absent a deviation.

The court found the presumptive support amount to be inequitable in light of the parties' shared custody arrangement and, therefore, concluded that a deviation was warranted. In deviating from the presumptive support amount, the court ordered the defendant to pay child support in the amount of $225 per week, or $975 per month, which represented a 14.77 percent downward deviation. This appeal followed.

On appeal, the defendant claims that the trial court improperly calculated his child support obligation when it granted his motion for modification, postjudgment. Specifically, he claims that the modified child support order "is not supported by the child support guidelines, financial affidavits and testimony in this case." We disagree.

We begin by setting forth the standard of review and legal principles that guide our analysis of the defendant's claim. "An appellate court will not disturb a trial court's orders in domestic relations cases unless the court has abused its discretion or it is found that it could not reasonably conclude as it did, based on the facts presented. . . . In determining whether a trial court has abused its broad discretion in domestic relations matters, we allow every reasonable presumption in favor of the correctness of its action. . . . Trial courts have broad discretion in deciding motions for modification. . . . [T]o the extent that the trial court has made findings of fact, our review is limited to deciding whether those findings were clearly erroneous." (Citation omitted; internal quotation marks omitted.) *Robinson* v. *Robinson*, 172 Conn. App. 393, 399–400, 160 A.3d 376, cert. denied, 326 Conn. 921, 169 A.3d 233 (2017).

The defendant claims that the court improperly calculated his modified child support obligation. He first argues that because the parties have shared custody of their child, "the calculation for 50/50 shared custody is done by subtracting the parent with the higher income's obligation with the obligation of the parent with the lower income, therefore, the difference between the two would be the obligation of the parent with the higher income." The defendant argues that, using this formula, which had been provided to him by the family relations officer, his modified child support obligation should be $103 per week.

The formula set forth by the defendant, however, applies to cases involving *split* custody, not *shared* custody.[6] Defined in the regulations, "[s]hared physical custody means a situation in which the physical residence of the child is shared by the parents in a manner that ensures the child has substantially equal time and contact with both parents. . . . Split custody means a situation in which there is more than one child in common and each parent is the custodial parent of at least one of the children." (Internal quotation marks omitted.) Regs., Conn. State Agencies §§ 46b-215a-1 (23), (24).

With respect to calculating child support in a shared physical custody situation, the regulations provide in relevant part: "[T]he presumptive current support order shall equal the presumptive current support amount of the parent with the higher net weekly income, payable to the parent with the lower net weekly income." Regs., Conn. State Agencies § 46b-215a-2c (7) (B). The regulations further provide that, with respect to split custody, child support is calculated in a different manner, reflecting that the parents share more than one child together. See Regs., Conn. State Agencies § 46b-215a-2c (7) (A). It is undisputed that the parties in the present case have *shared* custody of their child. Therefore, the

defendant is not entitled to modified child support in an amount calculated according to the split custody formula.

Moreover, the defendant argues that the modified child support order "is not supported by the child support guidelines, financial affidavits and testimony in this case" because the parties have shared custody and they spend an equal amount of money to support the child. The defendant argues that at the November 6, 2017 hearing on the parties' motions, both he and the plaintiff testified that they spend an equal amount of money to support their child.

We first note that the court's decisions to modify the child support order and deviate from the presumptive support amount are both discretionary in nature. See General Statutes § 46b-86 (a) ("any final order for the periodic payment of permanent alimony or support . . . *may*, at any time thereafter, be . . . modified by the court upon a showing of a substantial change in the circumstances of either party" [emphasis added]); Regs., Conn. State Agencies § 46b-215a-5c (b) (6) (A) ("[w]hen a shared physical custody arrangement exists, it *may* be appropriate to deviate from presumptive support amounts" [emphasis added]).

Moreover, despite the parties' shared custody arrangement in which they each have custody of their child 50 percent of the time, evidence was presented from which the court could find that the parties do not spend equal amounts of money to support their child. At the hearing on the parties' motions, the plaintiff testified that she purchases all of the clothes for the parties' child.[7] When asked whether she and the defendant spend equal amounts of money on their child, the plaintiff stated that "all of the clothes generally go to me . . . . But I think with toys and little things like that, going out to eat, I think, we equally, you know, treat [the child]."[8] The defendant responded that he agreed with the plaintiff's statement. Accordingly, the record does not support the defendant's contention that the parties spend equal amounts of money to support their child, or that they testified as such at the hearing.

For the foregoing reasons, we conclude that the court did not abuse its discretion by ordering the defendant to pay child support in the amount of $225 per week, or $975 per month.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] On appeal, the defendant also claims that the court improperly calculated the amount of his 2016 net annual bonus income that he was obligated to pay to the plaintiff pursuant to the parties' separation agreement. Specifically, he argues that the court "holds the defendant responsible to pay the amount of $2813.93 which has no supporting documentation regarding the calculation and does not equate to 15% of the net bonus of $11,823. The correct calculation is $1773."

On February 5, 2019, after oral argument before this court, we ordered the trial court, pursuant to Practice Book § 60-2 (8), to resolve this factual

issue. The trial court held a hearing on February 19, 2019, during which it heard testimony from each party and reviewed exhibits that were admitted into evidence. In its decision, issued on February 20, 2019, the court vacated the portion of its March 5, 2018 memorandum of decision in which it stated that the defendant owed $2813.93 to the plaintiff as 15 percent of his 2016 net annual bonus income, "because the amount found to be owed is not correct." The court determined that "the defendant's net annual bonus for 2016 was $11,823. The defendant owed 15 percent of his net annual bonus to the plaintiff, in the amount of $1773."

Because the defendant claims on appeal that "[t]he correct calculation [of 15 percent of his 2016 net annual bonus income] is $1773," the same conclusion reached by the trial court in its February 20, 2019 decision, the defendant's claim has been rendered moot. See *In re Emma F.*, 315 Conn. 414, 423–24, 107 A.3d 947 (2015) ("An actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal. . . . When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot." [Internal quotation marks omitted.]).

[2] The parties had filed a motion to waive the statutory time period pursuant to General Statutes § 46b-67 (a), on the ground that the parties had reached an agreement as to all of the terms of their divorce, which the court granted on June 27, 2016.

[3] The child lives with each parent fourteen days in a twenty-eight day cycle, or 50 percent of the time.

[4] The separation agreement provides in relevant part: "[E]ach parent shall inform the other parent of any change in his or her income of 15 [percent] or more by the end of the month in which such change in income occurs."

[5] With respect to the plaintiff's motion for modification, the court found that "the plaintiff has not sustained her burden of proving that a modification of the allocation of [the child]'s health insurance premiums is warranted as a result of the substantial change in the financial circumstances of the parties." It reasoned: "The defendant's financial affidavit reports that he pays $128 per week, for health insurance for himself and [the child]; however, the cost of [the child]'s health insurance is not separately stated. Without this information, the court is unable to determine the cost to each party of his or her share of [the child]'s health insurance premiums, and whether, as the plaintiff contends, her share is unduly burdensome." The plaintiff has not appealed from this judgment.

[6] The court, in its memorandum of decision, recognized this distinction. It noted that "[h]andwritten notations on the child support guidelines worksheet reflect a split custody analysis, which is not at issue in this case."

[7] We also note that the court, in denying the plaintiff's motion for modification of her contribution for the cost of the child's insurance, recognized that the presentation of the motion was incomplete, in that on the defendant's financial affidavit, the cost of the child's health insurance premium is not separately stated from the cost of the defendant's health insurance premium. See footnote 5 of this opinion.

[8] The plaintiff explained: "I definitely do a big seasonal shop at the beginning of the season, so I bought all her winter stuff, new boots, jackets, snow stuff, and I'm buying, you know, whatever I go out if there's a sale I'll get her clothes, I just bought her a dress yesterday."