# STEPHEN J. PACE *v.* MARIA JEAN PACE
## (AC 32045)
## (AC 32288)

Beach, Bishop and Mihalakos, Js.

Argued September 6, 2011—officially released March 13, 2012

*Marianne J. Charles*, for the appellant (plaintiff).

*Christopher P. Norris*, with whom, on the brief, was *William R. Donaldson*, for the appellee (defendant).

*Opinion*

BEACH, J. The plaintiff, Stephen J. Pace, appeals from the judgments of the trial court denying his two postjudgment motions for modification of alimony and child support, and granting two postjudgment motions for contempt filed by the defendant, Maria Jean Pace, arising from the plaintiff's failure to pay alimony and child support as ordered by the court. The plaintiff raises various claims on appeal regarding the court's postjudgment orders.[1] We affirm the judgments of the trial court.

The plaintiff and the defendant were married in 1989. They are the parents of two children, one born in 1991 and the other born in 1994. In 2008, the plaintiff sought

---

[1] The plaintiff makes claims in addition to those set forth in this opinion. We have carefully reviewed those claims and find them to be without merit.

a judgment of dissolution. On April 1, 2009, the court dissolved the parties' marriage and incorporated the parties' separation agreement into its judgment. The judgment provided, inter alia, that the plaintiff pay the defendant $300 per week in alimony[2] and $450 per week for child support until the emancipation of the oldest child, at which time child support would be reduced to $350 per week.

In December, 2009, the plaintiff filed a motion for modification and the defendant filed a motion for contempt. Following a hearing, the court, *Ozalis, J.*, on February 2, 2010, issued an order denying the plaintiff's motion and granting the defendant's motion. The plaintiff appealed (AC 32045).

Thereafter, the plaintiff filed a second motion for modification and the defendant filed a motion for contempt. In its May 18, 2010 memorandum of decision, the court, *Hon. Sidney Axelrod*, judge trial referee, denied the plaintiff's motion and granted the defendant's motion. The plaintiff appealed (AC 32288).

The plaintiff's claims regarding the February 2, 2010 and May 18, 2010 decisions will be addressed in turn. Additional facts will be set forth as necessary.

I

We first address the plaintiff's claims challenging the February 2, 2010 order. The following additional facts are relevant to these claims. In his December, 2009 motion for modification, the plaintiff sought to decrease his alimony and child support obligations because of an alleged lack of income. The defendant filed a motion for contempt arising from, inter alia, the plaintiff's failure to pay alimony and child support as ordered in the judgment of dissolution. On February 2, 2010, the court

---

[2] Alimony was to be paid from April, 2009, through March, 2019, and was nonmodifiable as to term.

denied the plaintiff's motion and granted the defendant's motion. In denying the plaintiff's motion for modification, the court stated that it did not find credible the plaintiff's contention that he had no income. The court accordingly found that the plaintiff had not proven a change in his financial circumstances.

With respect to the defendant's motion, the court found the plaintiff in contempt and found an arrearage of alimony and child support in the amount $13,000. The court ordered that $4000 of the arrearage be paid by February 22, 2010. A hearing was scheduled for March 1, 2010, to determine whether incarceration was appropriate. The court awarded $6265 in attorney's fees and other expenses. The court also determined that the plaintiff had been able to comply with its April 1, 2009 order and that his conduct was wilful.

## A

The plaintiff first claims that the court abused its discretion when it found him in contempt for failure to pay alimony and child support. We disagree.

"[O]ur analysis of a judgment of contempt consists of two levels of inquiry. First, we must resolve the threshold question of whether the underlying order constituted a court order that was sufficiently clear and unambiguous so as to support a judgment of contempt. . . . This is a legal inquiry subject to de novo review. . . . Second, if we conclude that the underlying court order was sufficiently clear and unambiguous, we must then determine whether the trial court abused its discretion in issuing, or refusing to issue, a judgment of contempt, which includes a review of the trial court's determination of whether the violation was wilful or excused by a good faith dispute or misunderstanding." (Citations omitted.) *In re Leah S.*, 284 Conn. 685, 693–94, 935 A.2d 1021 (2007).

The plaintiff, focusing on the second prong of the inquiry,[3] contends that the court should not have found him in contempt, because he was unable to pay alimony and child support due to a lack of funds and had no expectation of future earnings.[4]

"It is undisputed that a judgment of civil contempt is improper if the contemnor, through no fault of his own, was unable to obey the court's order. . . . It is, however, equally undisputed that, if a finding of wilful misconduct is based on a court's determination of the credibility of relevant testimony at trial, we will overturn it only if the record demonstrates a manifest abuse of discretion. [T]he trial judge is the sole arbiter of the credibility of the witnesses and the weight to be given specific testimony and, therefore, is free to accept or reject, in whole or in part, the testimony offered by either party." (Citations omitted; internal quotation marks omitted.) *LaBossiere* v. *Jones*, 117 Conn. App. 211, 224, 979 A.2d 522 (2009).

Relying on a bank statement from Webster Bank, which indicated a beginning balance of $11,255.19 in October, 2009, and a bank statement from Bank of America for October, 2009, which indicated a beginning balance of $17,360.25, the court found that the plaintiff had had sufficient funds to pay alimony and child support. The court also stated that it did not find credible

---

[3] The plaintiff makes no claim regarding the clarity of the order.

[4] The plaintiff also argues that he was self-represented during the contempt proceedings and that the court should have provided him with counsel. We agree that, generally, in civil contempt proceedings in which the party against whom the contempt motion is brought faces potential incarceration, the court must advise that party of his or her right to counsel, and in the event that he or she is indigent, to court-appointed counsel. See *Kennedy* v. *Kennedy*, 83 Conn. App. 106, 111, 847 A.2d 1104, cert. denied, 270 Conn. 915, 853 A.2d 530 (2004); Practice Book § 25-63 (a). In the present case, however, the record reflects that there was not a realistic potential of incarceration and that the plaintiff, in fact, was not incarcerated as a result of the hearing.

the plaintiff's statement that he had no income. At the February 2, 2010 hearing, the court found that the restated pro forma income statement of the plaintiff, who owned his own business, showed gross sales of $173,138, which represented an increase of $80,000 in gross sales. In light of the court's findings regarding the plaintiff's ability to pay alimony and child support, we are not persuaded by the plaintiff's argument that the court abused its discretion in finding that his conduct was wilful and thereby finding him in contempt.

B

The plaintiff next claims that the court in its February 2, 2010 decision abused its discretion when it denied his motion for modification. We disagree.

"General Statutes § 46b-86 governs the modification . . . of an alimony or support order after the date of a dissolution judgment. . . . A final order for child support may be modified by the trial court upon a showing of a substantial change in the circumstances of either party. . . . The party seeking modification bears the burden of showing the existence of a substantial change in the circumstances. . . . An appellate court will not disturb a trial court's orders in domestic relations cases unless the court has abused its discretion or it is found that it could not reasonably conclude as it did, based on the facts presented. . . . In determining whether a trial court has abused its broad discretion in domestic relations matters, we allow every reasonable presumption in favor of the correctness of its action." (Citation omitted; internal quotation marks omitted.) *Rosier* v. *Rosier*, 103 Conn. App. 338, 341, 928 A.2d 1228, cert. denied, 284 Conn. 932, 934 A.2d 247 (2007).

The plaintiff's motion for modification was based on his claim that he was receiving no income. The court, however, did not find this assertion credible and accordingly concluded that the plaintiff had not sustained his

burden of proving a substantial change in his financial circumstances. After a careful review of the record we cannot conclude that the court abused its discretion in denying the plaintiff's motion for modification.

C

The plaintiff next claims that the court erred when it awarded the defendant attorney's fees. We disagree.

"Our law for awarding attorney's fees in contempt proceedings is clear. General Statutes § 46b-87 provides that the court may award attorney's fees to the prevailing party in a contempt proceeding. The award of attorney's fees in contempt proceedings is within the discretion of the court. . . . In making its determination, the court is allowed to rely on its familiarity with the complexity of the legal issues involved. Indeed, it is expected that the court will bring its experience and legal expertise to the determination of the reasonableness of attorney's fees. . . . Moreover, because the award of attorney's fees pursuant to § 46b-87 is punitive, rather than compensatory, the court properly may consider the defendant's behavior as an additional factor in determining both the necessity of awarding attorney's fees and the proper amount of any award." (Citation omitted; internal quotation marks omitted.) *Gil* v. *Gil*, 110 Conn. App. 798, 806–807, 956 A.2d 593 (2008).

The plaintiff sets forth numerous arguments to support his claim that the award of attorney's fees was in error. On the basis of the record before us and in light of the court's broad discretion in awarding attorney's fees in connection with contempt proceedings, we cannot conclude that the court abused its discretion.

II

We next address the plaintiff's claims pertaining to the court's May 18, 2010 decision. The following additional facts are relevant to these claims. In March, 2010,

the plaintiff filed a motion for modification in which he sought a downward modification of the support orders because of a substantial change in his financial circumstances. In April, 2010, the defendant filed a motion for contempt in which she alleged that the plaintiff had failed to make alimony and child support payments since the February 2, 2010 order, and requested, inter alia, a finding that the plaintiff was in contempt, and an order that the plaintiff pay all alimony and child support currently owed as well as attorney's fees.

In its May 18, 2010 memorandum of decision, the court denied the plaintiff's motion for modification. The court noted that both parties requested that it determine whether there had been a substantial change in circumstances between the time of the hearing and the February 2, 2010 memorandum of decision, rather than from the time of the hearing and the judgment of dissolution. As a result, the court employed February 2, 2010, as the reference point for comparison. The court reasoned that it was the plaintiff's burden to prove a substantial change in circumstances since February 2, 2010, and that to meet that burden he must establish what his circumstances were on February 2, 2010. The court found that at the time of the hearings related to the May 18, 2010 decision, the plaintiff had a gross weekly income of $730.78 less deductions, but that he had failed to prove what his income was as of the February 2, 2010 hearing. The court further stated that the plaintiff claimed that he had been unemployed on February 2, 2010. It was clear, however, from its memorandum of decision of February 2, 2010, that the court did not find his testimony regarding his income credible.

The court granted the defendant's motion for contempt. The court awarded counsel fees to the defendant in the amount of $1500, based on the amount of time the defendant's counsel appeared before the court on the contempt motion. After deducting $610 that the

plaintiff had paid toward his alimony and child support obligations, the court concluded that the plaintiff owed $10,640 in alimony and child support for the fifteen weeks between February 2 and May 17, 2010, at the rate of $750 per week in alimony and child support. The court ordered that the child support arrearage was to be paid at a rate of $90 per week and the existing alimony arrearage at $50 per week, in addition to the combined $750 per week alimony and child support. Pursuant to Practice Book § 25-26, the court determined that the added arrearage had accrued without sufficient excuse and ordered that the current alimony and/or child support could not be modified at least until the plaintiff reduced his combined alimony and support obligations to no more than $9000.[5]

### A

The plaintiff claims that the court erred in denying his March, 2010 motion for modification of support.[6] We disagree.

We previously have stated: "A final order for child support may be modified by the trial court upon a show-ing of a substantial change in the circumstances of either party. . . . An appellate court will not disturb a trial court's orders in domestic relations cases unless the court has abused its discretion or it is found that it could not reasonably conclude as it did, based on the

---

[5] We note that the court had ordered in the February 2, 2010 order that the arrearage be reduced to $9000, by the payment of $4000 by no later than February 22, 2010.

[6] The plaintiff also argues that the court erred in treating the motion as pertaining only to child support. The court provided two reasons for denying any request made by the plaintiff to modify alimony: (1) it was not claimed in the motion for modification, and (2) even if it had been claimed, the plaintiff failed to establish what his financial circumstances were on February 2, 2010, and thus did not prove a substantial change in circumstances from that time. Even if we assumed, without deciding, that the motion properly raised the issue of alimony, the court's alternative reasoning is unchallenged and, at any rate, did not constitute an abuse of discretion.

facts presented." (Citation omitted; internal quotation marks omitted.) *Rosier* v. *Rosier, supra,* 103 Conn. App. 341.

The plaintiff argues that the court erred in finding that his financial circumstances had not changed since the February 2, 2010 order. The plaintiff cannot prevail on any argument that the court erred in basing the inquiry on the February 2, 2010 order, rather than the date of dissolution. Counsel for both parties agreed and asked the court to use the February 2, 2010 date. At the conclusion of the hearing on the March, 2010 motion for modification, the plaintiff's counsel stated: "Your honor, with respect to the motion for modification, the court must find that there's a substantial change in circumstances, and I'm going to look at just the period of time . . . from February 2, 2010, because . . . I believe that would be the proper analysis. . . ." The defendant's counsel maintained the same position.

In denying his March, 2010 motion for modification, the court found that the plaintiff did not prove a substantial change in circumstances since February 2, 2010, because he failed to establish what his financial circumstances were on that date. It is the plaintiff's burden to prove a substantial change in circumstances, and we do not disagree with the conclusion of the court that the plaintiff failed to prove at the hearing on the March, 2010 motion for modification what his income was on February 2, 2010, and that there had been a substantial change in circumstances. If there was error in using the February 2, 2010 date, it was induced error. See *Hodgate* v. *Ferraro,* 123 Conn. App. 443, 451, 3 A.3d 92 (2010) (party cannot complain on appeal of error it encouraged court to make). On the basis of the record, we cannot conclude that the court abused its discretion in denying the plaintiff's March, 2010 motion for modification.

## B

The plaintiff next argues that the court abused its discretion when it, in addition to denying his March, 2010 motion for modification, made an order regarding the payment of the arrearage. The plaintiff seems to argue that the court did not have the authority to modify sua sponte the award of alimony and child support. He also contends that it otherwise was inequitable to do so because he could not afford to make his current support payments. We disagree.

The court had the authority to order the plaintiff to pay the arrearage. Practice Book § 25-26 permits the court, when a party who is in arrears files a motion for modification, to consider whether the arrearage has accrued without sufficient excuse so as to constitute contempt and to determine whether any modification of alimony and child support shall be ordered prior to the payment of any arrearage found to exist.[7] The court apparently did not find credible the plaintiff's claim that he was unable to pay alimony and child support, and found his claim in his motion for modification that he depleted his retirement accounts in order to pay his support obligations to be factually inaccurate. We cannot conclude that it was an abuse of discretion for the court to order the plaintiff to pay the arrearage not only in light of Practice Book § 25-26, but also because the defendant's motion for contempt was considered simultaneously with the plaintiff's motion for modification.

---

[7] Practice Book § 25-26 provides in relevant part: "(a) Upon an application for a modification of an award of . . . alimony or support of minor children, filed by a person who is then in arrears under the terms of such award, the judicial authority shall, upon hearing, ascertain whether such arrearage has accrued without sufficient excuse so as to constitute a contempt of court, and, in its discretion, may determine whether any modification of current alimony and support shall be ordered prior to the payment, in whole or in part as the judicial authority may order, of any arrearage found to exist."

C

The plaintiff also claims that the court erred when it made the following order: "[T]here cannot be a further modification of current alimony and/or support until the plaintiff has reduced his alimony and support obligation to no more than $9000." The plaintiff argues that he has a right to file a motion for modification in the future regardless of the amount he may owe in arrearage and that he cannot be deprived of his "day in court." In support of his argument, the plaintiff relies solely on General Statutes § 46b-86 (a),[8] which does not by itself support his argument. The order contains no express prohibition against *filing* a motion for modification in the future. We cannot review the plaintiff's vague argument concerning access to the courts because he has not provided us with any relevant legal authority or analysis. On the analysis presented, we decline to address this claim.[9] See, e.g., *Russell* v. *Russell*, 91 Conn. App. 619, 634–35, 882 A.2d 98 (this court not required to review claims that are inadequately briefed), cert. denied, 276 Conn. 924, 295, 888 A.2d 92 (2005).

The judgments are affirmed.

In this opinion the other judges concurred.

---

[8] General Statutes § 46b-86 (a) provides in relevant part: "Unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony or support . . . may, at any time thereafter, be continued, set aside, altered or modified by the court upon a showing of a substantial change in the circumstances of either party . . . ."

[9] We express no opinion on the potential application of the order or whether a trial court would have the authority in the future to grant a motion for modification in light of the order. See *Karovic* v. *Karovic*, Superior Court, judicial district of Danbury, Docket No. FA-90-301584 (June 21, 1999).