******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

## MALCOLM E. MASON *v.* HONOR A. FORD
## (AC 39406)

Keller, Mullins and Harper, Js.

*Syllabus*

The defendant, whose marriage to the plaintiff previously had been dis-
solved, appealed to this court from the judgment of the trial court
granting in part her motion for modification of her child support obliga-
tion to the plaintiff. Although the trial court had granted a modification
of the support order to $0 per week, it also found an arrearage of $2215,
based on the defendant's failure to pay $174 per week to the plaintiff
for a period of sixteen weeks. On appeal, the defendant claimed that
the trial court abused its discretion in finding the arrearage, and she
challenged the court's finding concerning the date on which her pay-
ments to the plaintiff had stopped, as well as the court's finding of the
date that the modification of child support should take retroactive effect.
*Held* that the trial court's factual finding that the defendant had not
paid her support obligation, and its implicit finding that the nonpayment
began in November, 2015, were not clearly erroneous, as the court acted
within its discretion when it implicitly credited the plaintiff's testimony
that the child support payments had ended toward the middle to end
of 2015, over that of the defendant, who testified that the payments
were current as of January, 2016; nevertheless, in determining that the
end date of the arrearage period was in March, 2016, the court abused
its discretion by not complying with the limitations of the statute (§ 46b-
86 [a]) that provides the court with discretion to modify a support order
with retroactive effect to the date on which the motion to modify was
served on the opposing party, as the defendant's motion for modification
was served on the plaintiff in June, 2016, and, thus, strict compliance
with the limitations of § 46b-86 (a) would have permitted an effective
date no earlier than June, 2016; moreover, given that, during oral argu-
ment before this court, the plaintiff expressed that he had waived his
claim to a certain portion of the arrearage that was apparently omitted
from the assessment due to a computational error of the trial court,
combined with the fact the plaintiff had suggested the March, 2016 date
to the trial court, it was unclear whether the trial court drafted the
modification order to take effect in March, 2016, because it viewed the
suggested date as an implicit waiver of the plaintiff's claim to the portion
of the arrearage accruing between March and June, 2016, and because
that factual question could not be resolved on the basis of the record
before this court, the matter was remanded to the trial court for a
determination of a new effective date of the arrearage and a recalculation
thereof, including a specific finding as to whether the plaintiff waived
a portion of the arrearage.

Argued March 9—officially released September 26, 2017

*Procedural History*

Action for the dissolution of a marriage, and for other
relief, brought to the Superior Court in the judicial dis-
trict of Waterbury, where the defendant filed a counter-
claim; thereafter, the matter was tried to the court,
*Hon. Lloyd Cutsumpas*, judge trial referee; judgment
dissolving the marriage and granting certain other relief;
subsequently, the court, *Nastri, J.*, denied in part the
defendant's motion for modification and issued certain
orders; thereafter, the court, *Nastri, J.*, granted in part
the defendant's motion for modification, and the defen-
dant appealed to this court. *Reversed in part; further
proceedings*.

*Honor A. Ford*, self-represented, the appellant

(defendant).

*Malcolm E. Mason*, self-represented, the appellee (plaintiff).

*Opinion*

HARPER, J. The self-represented defendant, Honor A. Ford, appeals from a postjudgment modification of a child support order entered subsequent to the dissolution of her marriage to the self-represented plaintiff, Malcolm E. Mason. In this appeal, the defendant argues that the trial court erred in finding a child support arrearage against her in the amount of $2215, for a period of sixteen weeks terminating on March 7, 2016.[1] For the reasons that follow, we conclude that the matter must be remanded to the trial court for further proceedings consistent with this decision.

The following facts as found by the court or apparent from the record are relevant to our resolution of this appeal. The parties' marriage was dissolved by the court on February 7, 2011. At the time of the events giving rise to this appeal, an order was in place requiring the defendant to pay child support to the plaintiff in the amount of $174 per week. On June 3, 2016, the defendant filed a motion to modify her child support obligation on the ground that she no longer had any income, and a copy of the motion was served on the plaintiff by a state marshal on June 14, 2016. At a June 27, 2016 hearing, the parties agreed that the support obligation should be reduced to $0 per week, and the only dispute concerned an alleged arrearage, about which both parties testified. The defendant stated her child support obligation had been current as of January 6, 2016, when she lost her income. The plaintiff testified that he had not received payments since the "middle to end" of 2015, though he could not provide a precise date. He estimated the total amount of the arrearage to be approximately $5000.

During the hearing, the trial court indicated that it viewed the task before it as determining to which date the modification would take retroactive effect, which in turn would allow the court to determine the amount, if any, of the arrearage. The plaintiff stipulated that he would object to a retroactive modification only if the effective date was earlier than March 7, 2016. The defendant offered no specific date, but seemed to indicate that the modification date should be linked to an earlier motion for modification that she had filed on February 2, 2016. See footnote 1 of this opinion. On July 1, 2016, the trial court issued an order granting a modification of the support order to $0 per week, effective March 7, 2016. The trial court also found an arrearage of $2215, based on a failure to pay the required $174 per week for sixteen weeks.[2] The order did not reference any particular evidence in the record or state the date on which the last payment was made. No further articulation was requested by the parties. This appeal followed.

On appeal, the defendant argues that the trial court abused its discretion in finding an arrearage of $2215

based on nonpayment of child support for sixteen weeks ending on March 7, 2016. She asserts that because she had no income, the trial court should not have required her to make back payments. She also appears to argue that the arrearage period cutoff date should have been based on the date she lost her income, January 6, 2016, on which date she claims to have been current on her support obligation. This argument would result in no arrearage. In response, the plaintiff argues that the evidence supports the trial court's findings and that it did not abuse its discretion in assessing an arrearage.

"The well settled standard of review in domestic relations cases is that [an appellate court] will not disturb trial court orders unless the trial court has abused its legal discretion or its findings have no reasonable basis in the facts." (Internal quotation marks omitted.) *McKeon* v. *Lennon*, 321 Conn. 323, 341, 138 A.3d 242 (2016). "Trial courts have broad discretion in deciding motions for modification." (Internal quotation marks omitted.) *Robinson* v. *Robinson*, 172 Conn. App. 393, 400, 160 A.3d 376 (2017). "In determining whether a trial court has abused its broad discretion in domestic relations matters, we allow every reasonable presumption in favor of the correctness of its action. . . . [T]o the extent that the trial court has made findings of fact, our review is limited to deciding whether those findings were clearly erroneous." (Citation omitted; internal quotation marks omitted.) Id. "A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Sousa* v. *Sousa*, 173 Conn. App. 755, 768, 164 A.3d 702 (2017). To the extent that this appeal challenges the trial court's application of a statute in the course of modifying the support order, the claim presents a question of law over which we exercise plenary review. See *Hornung* v. *Hornung*, 323 Conn. 144, 151, 146 A.3d 912 (2016).

In the present appeal, the parties agree that reducing the defendant's support obligation to $0 per week was appropriate under the circumstances of this case. The defendant challenges only the trial court's assessment of an arrearage under the previous order. The calculation of an arrearage involves both questions of fact and law. The factual determinations include whether the obligor failed to make payments, the date upon which payments stopped, and the date upon which payments resumed or, if the nonpayment continued through the date of modification, the date upon which the support obligation became nullified by the court's modification of the order. It is axiomatic that the effective date of the modification in the latter instance cuts off any period in which an arrearage may accrue under the order modi-

fied. When the end date of the arrearage period is determined by the court's modification, the issue may involve a question of law in the court's application of General Statutes § 46b-86 (a), which allows the court the discretion to modify a support order with retroactive effect to the date upon which the motion to modify was served upon the opposing party. As noted previously, we review these factual findings to determine whether those findings were clearly erroneous and our review of the court's legal determinations is plenary.

We begin by setting forth the law concerning the assessment of an arrearage upon the obligor's motion to modify a support order. "[A]n order entered by a court with proper jurisdiction must be obeyed by the parties until it is reversed [or otherwise modified] by orderly and proper proceedings." (Internal quotation marks omitted.) *Mulholland* v. *Mulholland*, 229 Conn. 643, 649, 643 A.2d 246 (1994). Upon a motion for modification of a support order, the trial court has the authority to order a party moving for modification to pay any arrearage then existing when the motion is heard. See *Pace* v. *Pace*, 134 Conn. App. 212, 220–22, 39 A.3d 756 (2012) (affirming trial court's decision denying motion to modify and ordering movant to pay arrearage despite movant's claimed financial hardship); see also Practice Book § 25-26 (requiring trial court to consider existence and causes of arrearage upon motion to modify). The effective date of modification also serves to cut off the period during which any arrearage under the prior support order may accrue.

The trial court's discretion to give a modification retroactive effect is not unlimited. Its authority is expressly limited by § 46b-86 (a), which provides in relevant part that "[n]o order for periodic payment of . . . support may be subject to retroactive modification, except that the court may order modification with respect to any period during which there is a pending motion for modification . . . from the date of service of notice of such pending motion upon the opposing party . . . ." See also *Hane* v. *Hane*, 158 Conn. App. 167, 173, 118 A.3d 685 (2015) (recognizing General Assembly abrogated rule against retroactive modification, creating limited authority to modify to date of service).

In the present appeal, we conclude that the trial court's finding that the defendant had not paid her support obligation, and its implicit finding that that nonpayment began on or about November 16, 2015, are not clearly erroneous. The trial court found a sixteen week arrearage terminating on March 7, 2016, which necessarily implies a finding that payments stopped on or about November 16, 2015. The sparse record on this issue consists of limited testimony from the parties. The plaintiff testified that payments ceased toward the "middle to end" of 2015, and the defendant testified

that her payments were current as of January 6, 2016. The trial court made no credibility determinations on the record; its findings, however, indicate that it necessarily must have credited the testimony of the plaintiff over that of the defendant. See *Young* v. *Commissioner of Correction*, 104 Conn. App. 188, 190 n.1, 932 A.2d 467 (2007) (when decision lacks specificity, Appellate Court presumes trial court made necessary findings and determinations supported by the record on which judgment is predicated), cert. denied, 285 Conn. 907, 942 A.2d 416 (2008); *Champagne* v. *Champagne*, 85 Conn. App. 872, 879, 859 A.2d 942 (2004) ("[i]n the absence of an articulation, we presume that the trial court acted properly" [internal quotation marks omitted]); *Zadravecz* v. *Zadravecz*, 39 Conn. App. 28, 32, 664 A.2d 303 (1995) (same). The November 16, 2015 commencement date is supported by the plaintiff's testimony, and indicates that the trial court did not credit the defendant's testimony. We cannot conclude that these factual findings are clearly erroneous.

Turning to the trial court's determination of the end date of the arrearage period, the record reveals that the trial court did not comply with the limitations of § 46b-86 (a). As previously noted, this statute provides the court discretion to modify a support order with retroactive effect to the date upon which the motion to modify was served upon the opposing party. In this case, the trial court ordered the modification to take effect retroactively on March 7, 2016; however, the defendant's motion to modify was not served on the plaintiff until June 14, 2016. Strict compliance with the limitations of § 46b-86 (a) would have permitted an effective date no earlier than June 14, 2016. We conclude that such noncompliance with a statutory restraint on the trial court's authority constitutes an abuse of legal discretion and requires reversal.

Finally, we note that the record in this matter presents the unusual situation in which the court's error was suggested to the court by the party to whose detriment this mistake accrues. As noted in footnote 2 of this opinion, the plaintiff, unprompted, expressly stated at oral argument before this court that he waived his claim to a certain portion of the arrearage that was apparently omitted from the arrearage assessment due to a computational error of the trial court. Given the plaintiff's interest in waiving portions of the arrearage, combined with his suggestion of the March 7, 2016 date, a question is raised of whether the improper effective date indicates that the court viewed the suggested date as an implicit waiver of the plaintiff's claim to the portion of the arrearage accruing between March 7 and June 14, 2016, and simply drafted the modification order as though it took effect on March 7, 2016. It is not possible to resolve this question on the record before us presently, and the question of "whether a waiver has occurred is a factual question for the trier." (Internal

quotation marks omitted.) *Shelton* v. *Olowosoyo*, 125 Conn. App. 286, 294, 10 A.3d 45 (2010). Therefore, on remand, the trial court may not order an effective date earlier than June 14, 2016. Moreover, in the event the trial court curtails the arrearage based on a finding that the plaintiff waived some portion of the arrearage, we require that the trial court's order clearly articulate this finding.

For the foregoing reasons, we conclude that the trial court erred in setting the effective date for the modification earlier than June 14, 2016. We remand this matter to the trial court.

The judgment is reversed only as to the effective date of the modification order and the calculation of the arrearage, and the case is remanded for further proceedings consistent with this opinion. The judgment is affirmed in all other respects.

In this opinion the other judges concurred.

[1] Both parties also briefed claims related to an order of the trial court issued on March 7, 2016, which decided a motion to modify filed by the defendant on February 2, 2016. However, no appeal from the March 7, 2016 order was timely brought and we will not consider these claims. See *Alliance Partners*, *Inc.* v. *Voltarc Technologies*, *Inc.*, 263 Conn. 204, 212–13, 820 A.2d 224 (2003) (Appellate Court has broad authority to manage docket, including discretion to decline review of untimely claims).

[2] At oral argument before this court, both parties agreed that the trial court made a computational error in calculating the arrearage to the advantage of the defendant. The correct amount should be $2784, calculated as $174 per week for sixteen weeks. In his argument before this court, the plaintiff noted the error was to his disadvantage and expressly waived any claim he might have on the $569 difference. Because, as will be explained herein, we remand this matter for further proceedings, we need not address whether the plaintiff's express waiver before this court renders this computational error moot.

————————————————————