PETER ZBRAS ET AL. *v.* ST. VINCENT'S MEDICAL CENTER ET AL.
(AC 24941)

Flynn, McLachlan and Berdon, Js.

Argued June 1—officially released September 13, 2005

*Richard M. Franchi*, for the appellants (plaintiffs).

*Paul D. Williams*, with whom, on the brief, were *Barbara T. Burke* and *Daniel J. Foster*, for the appellee (named defendant).

*Opinion*

McLACHLAN, J. The plaintiff Peter Zbras[1] underwent surgery at the defendant St. Vincent's Medical Center[2] and later sued, alleging product liability and negligence. The trial court granted the defendant's motions for summary judgment, and the plaintiffs now appeal. They claim that the court improperly granted the motions (1) by knowingly considering false statements in an affidavit and (2) because there was a genuine issue of material fact concerning the existence of an agency relationship between the defendant and Peter Zbras'

---

[1] Zbras' wife, Cynthia Zbras, brought a claim for loss of consortium against the defendant St. Vincent's Medical Center and is a party to this appeal.

[2] Walter T. Shanley, a physician, and Fairfield Orthopedic Associates, P.C., also were named as defendants. Thereafter, the action was withdrawn as to them. We therefore refer in this opinion to St. Vincent's Medical Center as the defendant.

surgeon, Walter T. Shanley. We affirm the judgment of the trial court.

The plaintiffs alleged that the devices Shanley employed in the surgery were not approved for the procedure, that the devices were implanted improperly and that as a result of their misuse, Peter Zbras suffered injuries. The defendant filed its first motion for summary judgment with respect to the claim of product liability. The court, *Rush, J.*, granted the motion, concluding that the defendant was "not engaged in the business of selling equipment utilized in operative procedures, but rather [was] engaged in the business of providing medical services" and therefore was not subject to the Product Liability Act, General Statutes § 52-572m et seq. The court, *Gallagher, J.*, granted the defendant's motion for summary judgment with respect to the negligence claim, concluding that there was no genuine issue that Shanley was not the defendant's agent or employee, and, as such, the defendant could not be liable for Shanley's acts under the theory of respondeat superior. Judge Gallagher granted the plaintiffs' motion for reargument but subsequently affirmed her decision to grant the motion for summary judgment. The court denied the plaintiffs' second motion to reargue and the plaintiffs appealed.

The law of summary judgment and its concomitant standard of review are well settled. "Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that the party is, therefore,

entitled to judgment as a matter of law. . . . Our review of the trial court's decision to grant the defendant's motion for summary judgment is plenary." (Internal quotation marks omitted.) *Cantonbury Heights Condominium Assn., Inc.* v. *Local Land Development, LLC*, 273 Conn. 724, 733, 873 A.2d 898 (2005).

I

The plaintiffs raise several claims on appeal that may be determined together. The gravamen of each claim is that the court improperly granted the defendant's motions[3] for summary judgment by knowingly relying on false statements in an affidavit submitted by the defendant. This apparent attempt to brand the affiant a perjurer and the thinly veiled accusations of judicial misconduct are unfortunate and, moreover, are factually and legally devoid of merit.

With its motion for summary judgment as to the claim of product liability, the defendant submitted an affidavit by Joanne Varga. In substantive part, the affidavit stated: "In 1993, I was the Director of Surgical Nursing Services at St. Vincent's Medical Center, Bridgeport, Connecticut. As part of my duties, I am and was familiar with medical implants stocked by St. Vincent's for use in surgery, including the TSRH hardware used in Peter Zbras' 1993 surgery. . . . St. Vincent's Medical Center did not stock the TSRH hardware utilized by Dr. Walter Shanley in 1993. . . . The TSRH hardware used by Dr. Walter Shanley in Mr. Zbras' surgery was brought in by the manufacturer's representative to be available for use by Dr. Shanley at the time of the surgery. . . . Dr. Shanley made the choice to use the TSRH hardware in

---

[3] Although the affidavit was submitted only in support of the motion for summary judgment as to the product liability claim, the plaintiffs claim that the affidavit nevertheless pertained to the summary judgment rendered as to the negligence claim because the court, *Gallagher, J.*, in rendering summary judgment on the negligence claim, relied on statements in the memorandum of decision of the court, *Rush, J.*, which in turn relied on the affidavit.

Mr. Zbras' surgery. . . . At no time was St. Vincent's engaged in the business of selling the TSRH hardware."

The plaintiffs claimed that the affidavit was "blatantly false" in that it was contrary to Varga's previous deposition testimony and not based on her personal knowledge. The plaintiffs filed an objection to the motion for summary judgment in which they objected to the court's consideration of the affidavit, and filed a pleading titled "Motion to Determine Affidavit Made in Bad Faith," a motion for sanctions and a motion to strike the affidavit. The court nevertheless rendered summary judgment in favor of the defendant.

Practice Book § 17-48 provides the basis in law for the plaintiffs' claim. Section 17-48 provides: "Should it appear to the satisfaction of the judicial authority at any time that any affidavit is made or presented in bad faith or solely for the purpose of delay, the judicial authority shall forthwith order the offending party to pay to the other party the reasonable expenses which the filing of the affidavit caused that party to incur, including attorney's fees. Any offending party or attorney may be adjudged guilty of contempt, and any offending attorney may also be disciplined by the judicial authority." Affidavits submitted in support of a motion for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. . . ." Practice Book § 17-46. Our Supreme Court has noted that "[i]t is conceivable that in some case an affidavit might be so palpably false that the court could properly strike it from the file and render a summary judgment. To support such a judgment, however, there would have to be a finding of the court to the effect that the affidavit was false." *Perri* v. *Cioffi*, 141 Conn. 675, 680, 109 A.2d 355 (1954).

On appeal, the plaintiffs explain for the first time in their reply brief the reasons for their assertion that statements contained in the affidavit were false. First, they claim that Varga's statement that "[a]t no time was St. Vincent's engaged in the business of selling" the devices used in the surgery was false because Peter Zbras' insurance company was billed for the devices. That claim evinces both a lack of understanding of the law and a mischaracterization of the facts. The defendant can bill for goods provided incidental to surgery without being in the business of selling goods. "Once a particular transaction is labeled a 'service,' as opposed to a 'sale' of a 'product,' it is outside the purview of our product liability statute." *Zichichi* v. *Middlesex Memorial Hospital*, 204 Conn. 399, 403, 528 A.2d 805 (1987); see also General Statutes § 52-572m (a).[4] The transaction in this case, a surgery, clearly was labeled a service rather than the sale of a product.

The plaintiffs also argue that the statement was made without the personal knowledge of the affiant. That argument, too, is unpersuasive. Varga relied on business records in her assertion that Shanley made the choice to employ the devices in the surgery. Although perhaps it may have been better practice to have prefaced the assertion with an indication of its basis, the court nevertheless properly relied on the assertion. Cf. General Statutes § 52-180 (b) (1) (business records not rendered inadmissible by witness' lack of personal knowledge of act, transaction or occurrence recounted therein).

There is no basis to conclude that the affidavit was false or in any way defective such that the court could not properly rely on it.

[4] General Statutes § 52-572m (a) provides: " 'Product seller' means any person or entity, including a manufacturer, wholesaler, distributor or retailer who is engaged in the business of selling such products whether the sale is for resale or for use or consumption. The term 'product seller' also includes lessors or bailors of products who are engaged in the business of leasing or bailment of products."

## II

The plaintiffs next claim that there was a genuine issue as to whether Shanley was an agent of the defendant at the time Peter Zbras underwent surgery. We conclude that the plaintiffs have failed to brief that issue adequately, and, therefore, we decline to review the claim.

The plaintiffs' brief and reply brief contain barely a total page of text on the issue. The first half of the page recites the standard of appellate review for the granting of a motion for summary judgment. The next half page does not state the law governing whether a person is an agent or employee, nor does it address the applicability of the law to this case. The brief, therefore, is inadequate. "We are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . We consistently have held that [a]nalysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . [A]ssignments of error which are merely mentioned but not briefed beyond a statement of the claim will be deemed abandoned and will not be reviewed by this court. . . . Where the parties cite no law and provide no analysis of their claims, we do not review such claims." (Citation omitted; internal quotation marks omitted.) *Knapp* v. *Knapp*, 270 Conn. 815, 823 n.8, 856 A.2d 358 (2004).

The judgment is affirmed.

In this opinion the other judges concurred.