******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

AMERICAN HOME MORTGAGE SERVICING, INC. *v.*
PETER A. REILLY ET AL.
(AC 35584)

Keller, Mullins and Bear, Js.

*Argued January 9—officially released May 12, 2015*

(Appeal from Superior Court, judicial district of
Tolland, Sferrazza, J.)

*Thomas P. Willcutts*, for the appellant (defendant
Geoffrey N. Madow).

*Marissa I. Delinks*, for the appellee (substitute
plaintiff).

*Opinion*

MULLINS, J. In this residential foreclosure action, the defendant Geoffrey N. Madow,[1] appeals from the judgment of foreclosure by sale rendered by the trial court in favor of the substitute plaintiff, Homeward Residential, Inc.[2] On appeal, the defendant claims that the court improperly granted the plaintiff's motion for summary judgment as to liability on the foreclosure complaint. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the present appeal. The plaintiff initiated this foreclosure action on August 9, 2011, and made the following allegations in its complaint. On December 6, 1996, Arthur A. Madow, Marion Madow, and Meyer Madow (borrowers) executed a promissory note in the principal amount of $120,900 (note), payable to Columbia National, Inc. (Columbia). The note was secured by a mortgage deed on a parcel of land located at 7 Weigold Road in Tolland (property) that the borrowers and Peter A. Reilly executed to Columbia. After the note was executed, Columbia assigned the mortgage to the plaintiff. The plaintiff is the holder of the note and mortgage. The defendant became the property's owner through a warranty deed that was recorded in the Tolland land records on June 29, 2011.[3] The note went into default, and the plaintiff, as the holder of the mortgage and note, elected to accelerate the balance due and to foreclose on the mortgage securing the note.

On August 13, 2012, the plaintiff moved for summary judgment as to liability only on the ground that it had established a prima facie case for foreclosure, and that there were no genuine issues of material fact. In support of its motion, the plaintiff filed a memorandum of law and an affidavit of its assistant secretary, Christine B. Coffron. In her affidavit, Coffron attested that "[p]rior to the commencement of this action, Columbia endorsed the [n]ote in blank and provided it to [the] [p]laintiff. [The] [p]laintiff was the holder of the [n]ote prior to the commencement of this action." Attached to Coffron's affidavit were, inter alia, copies of the note endorsed in blank, the mortgage, the assignment of the mortgage to the plaintiff,[4] and the notice of default.[5]

The defendant filed a memorandum of law in opposition to the motion for summary judgment on November 26, 2012, in which he argued that the plaintiff "does not have the legal right to . . . foreclose upon the property" because the plaintiff merely was the holder of the note, but did not own the note. The defendant attached to his memorandum portions of Coffron's certified deposition transcript, in which she averred that the Federal National Mortgage Association (Fannie Mae) owned the note.

The plaintiff filed a reply memorandum of law on December 17, 2012, in which it acknowledged that the

note was owned by Fannie Mae, but claimed that the plaintiff "was not only the holder of the note, but also obligated to prosecute the foreclosure on Fannie Mae's behalf."[6] Attached to the plaintiff's reply memorandum was the complete transcript of Coffron's deposition, an affidavit by an employee of the plaintiff, and an uncertified portion of Fannie Mae's 2012 Servicing Guide.

The court, *Sferrazza, J.*, heard oral argument on the plaintiff's motion for summary judgment as to liability on January 22, 2013. After oral argument, the court stated the following: "I understand the question concerning who presently might be the owner of the note might be an issue, but I don't see that as . . . depriving this plaintiff of the right to enforce the note, because either [the plaintiff has] . . . that right . . . from the original lender [Columbia] by virtue of the language of the note, or they have it from Fannie Mae. Whether Fannie Mae is the owner or is not the owner . . . is really a red herring." The court then, in an oral decision from the bench, granted the plaintiff's motion for summary judgment as to liability. Thereafter, the court rendered a judgment of foreclosure by sale. This appeal followed. Additional facts and procedural history will be set forth as necessary.

On appeal, the defendant claims that the court improperly granted the plaintiff's motion for summary judgment as to liability. He argues that disputed factual issues remain as to whether the plaintiff was authorized to foreclose on the mortgage given that the plaintiff was not the owner of the note. The defendant further claims that the plaintiff has not demonstrated that it had the authority from the note's owner to prosecute this foreclosure. Having failed to demonstrate such authority, the defendant contends, the trial court's decision granting summary judgment must be reversed. We are not persuaded.

"On appeal, [w]e must decide whether the trial court erred in determining that there was no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. . . . Because the trial court rendered judgment for the [plaintiff] as a matter of law, our review is plenary and we must decide whether the [trial court's] conclusions are legally and logically correct and find support in the facts that appear on the record." (Internal quotation marks omitted.) *Wells Fargo Bank, N.A.* v. *Strong*, 149 Conn. App. 384, 390–91, 89 A.3d 392, cert. denied, 312 Conn. 923, 94 A.3d 1202 (2014).

"[General Statutes §] 49–17[7] codifies the well established common-law principle that the mortgage follows the note, pursuant to which only the rightful owner of the note has the right to enforce the mortgage." (Footnote added.) *RMS Residential Properties, LLC* v. *Miller*, 303 Conn. 224, 230, 32 A.3d 307 (2011). There-

fore, "[a] mortgagee that seeks summary judgment in a foreclosure action has the evidentiary burden of showing that there is no genuine issue of material fact as to any of the prima facie elements, including that it is the owner of the debt. Appellate courts in this state have held that [the evidentiary burden of establishing ownership of the note] is satisfied when the mortgagee includes in its submissions to the court a sworn affidavit averring that the mortgagee is the holder of the promissory note in question at the time it commenced the action." *GMAC Mortgage, LLC* v. *Ford*, 144 Conn. App. 165, 177, 73 A.3d 742 (2013).

Being the holder of a note satisfies the plaintiff's burden of demonstrating that it is the owner of the note because under our law, the note holder "is presumed to be the owner of the debt, and unless the presumption is rebutted, may foreclose the mortgage under § 49-17. The possession by the bearer of a note [e]ndorsed in blank imports prima facie [evidence] that he acquired the note in good faith for value and in the course of business, before maturity and without notice of any circumstances impeaching its validity. The production of the note [endorsed in blank] establishes his case prima facie against the makers and he may rest there. . . . It [is] for the defendant to set up and prove the facts which limit or change the plaintiff's rights."[8] (Internal quotation marks omitted.) *RMS Residential Properties, LLC* v. *Miller*, supra, 303 Conn. 231–32. If the defendant rebuts the presumption that the plaintiff was the owner of the debt at the time that the action commenced, then "the burden would shift back to the plaintiff to demonstrate that the owner has vested it with the right to receive the money secured by the note." *J.E. Robert Co.* v. *Signature Properties, LLC*, 309 Conn. 307, 325 n.18, 71 A.3d 492 (2013).

Here, there is no dispute that the plaintiff possessed the note endorsed in blank before initiating this foreclosure action. Specifically, the plaintiff presented to the court the original note, which was endorsed in blank, and Coffron's affidavit wherein she attested that the plaintiff was the holder of the note endorsed in blank prior to the commencement of this action. This created a presumption that the plaintiff, as the note holder, was also the owner of the note and could enforce the debt. See *RMS Residential Properties, LLC* v. *Miller*, supra, 303 Conn. 231–32. These documents also satisfied the plaintiff's prima facie case. Id., 232.

In response, the defendant presented portions of Coffron's deposition transcript in which she testified that Fannie Mae owned the note, and not the plaintiff. The plaintiff acknowledged that it, in fact, was not the owner of the note. The defendant, thus, met its burden of rebutting the presumption that the plaintiff owned the note. Nonetheless, that does not end our inquiry. What remains is whether the plaintiff, despite not owning the

note, demonstrated that it had the authority to foreclose on the mortgage securing the note. See *J.E. Robert Co.* v. *Signature Properties, LLC*, supra, 309 Conn. 325 n.18.

The plaintiff claims that it demonstrated that there is no genuine issue of material fact involving whether it had authorization from the note's owner to bring the present action by presenting to the court the complete transcript of Coffron's deposition, "wherein she testified that the plaintiff is the loan servicer for the subject loan and the plaintiff is authorized by Fannie Mae to enforce the debt." The defendant contends that Coffron's deposition testimony was not sufficient to establish either that Fannie Mae had an ownership interest in the mortgage, or that the plaintiff was authorized to pursue the present foreclosure action on behalf of Fannie Mae. We conclude that the court properly granted the plaintiff's motion for summary judgment because, whether Fannie Mae or Columbia owned the note, there is no genuine issue of material fact that, the plaintiff demonstrated that it was authorized to enforce the debt.

First, if Fannie Mae is considered to be the note's owner, the plaintiff presented sufficient evidence to show that there is no genuine issue of material fact that Fannie Mae unequivocally manifested its intention to authorize the plaintiff to enforce the debt. The plaintiff presented to the court the certified transcript of Coffron's deposition, wherein she testified that Fannie Mae was the owner of the note, and that the plaintiff had "rights as the servicer to act on [Fannie Mae's] behalf." Coffron specified that "under the Fannie Mae guidelines, [the plaintiff is] given the power to initiate foreclosure actions in the name of the servicing company." Coffron explained that her knowledge regarding Fannie Mae's ownership of the note and its authorization for the plaintiff to pursue foreclosure actions on Fannie Mae's behalf derived from her review of the plaintiff's business records and Fannie Mae's loan servicing guidelines.

The defendant argues that the plaintiff failed to meet its burden of demonstrating that it was authorized by Fannie Mae to enforce the debt because it relied on Coffron's deposition transcript and produced no documentation in support of its claim. We disagree.

A similar argument was made by the defendant in *RMS Residential Properties, LLC* v. *Miller*, supra, 303 Conn. 224. In that case, the defendant claimed that an affidavit upon which the plaintiff relied to demonstrate that it was the holder of the note was fatally infirm because the affiant had relied on a review of business records and lacked personal knowledge of necessary facts. Id., 235. Our Supreme Court rejected that argument, and held: "The defendant provides no authority, and we know of none, that precludes affiants from obtaining personal knowledge of underlying transac-

tions by review of business records. Under General Statutes § 52-180,[9] to be competent to testify, the affiant need only have personal knowledge of the relevant business records." Id., 235–36.

Indeed, it is well established that a court may rely on an affidavit when the affiant acquired personal knowledge from a review of underlying business records. See id.; *Zbras* v. *St. Vincent's Medical Center*, 91 Conn. App. 289, 294, 880 A.2d 999 (trial court properly granted summary judgment based on affiant's statements, which relied on business records), cert. denied, 276 Conn. 910, 886 A.2d 424 (2005). The same principle applies to the certified deposition transcript that the plaintiff presented here in which Coffron testified that Fannie Mae authorized the plaintiff to initiate foreclosure actions on its behalf.

In the present case, Coffron indicated that her personal knowledge of Fannie Mae's ownership of the note, as well as the authorization that Fannie Mae provided to the plaintiff to enforce the debt, came from her review of the plaintiff's business records and Fannie Mae's loan servicing guidelines. As a result, there is no genuine issue of material fact that Fannie Mae authorized the plaintiff to initiate foreclosure proceedings on its behalf.[10]

Second, if Columbia is considered to be the note's owner, the record supports that there is no genuine issue of material fact that Columbia unequivocally manifested its intention to authorize the plaintiff to exercise its rights to enforce the debt. The plaintiff demonstrated that it possessed the original note endorsed in blank, the language of which authorized it to enforce the debt. The note provided that Columbia "may transfer this [n]ote. [Columbia] or anyone who takes this [n]ote by transfer and who is entitled to receive payments under this [n]ote is called the '[n]ote [h]older.' " The note further provided that, if the borrowers were in default, "the [n]ote [h]older may require [the borrowers] to pay immediately the full amount of the principal which has not been paid and all interest . . . owe[d] on that amount." Coffron averred in her affidavit: "Prior to the commencement of this action, Columbia endorsed the [n]ote in blank and provided it to [the] [p]laintiff. [The] [p]laintiff was the holder of the [n]ote prior to the commencement of this action." The language of the note, thus, provided to the plaintiff, as its holder, the authority to enforce the debt. By virtue of the note's language and the plaintiff's status as the note holder, the plaintiff demonstrated that there is no genuine issue of material fact that Columbia unequivocally had authorized it to enforce the debt.

The plaintiff thus demonstrated that, whether Fannie Mae or Columbia owned the note, there is no genuine issue of material fact that the plaintiff was authorized to enforce the debt. The defendant presented no evi-

dence to demonstrate that the plaintiff's authorization to enforce the note from Columbia or Fannie Mae was a disputed factual issue. See *Wells Fargo Bank, N.A.* v. *Strong*, supra, 149 Conn. App. 391 ("[o]nce the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue" [internal quotation marks omitted]). The court, thus, properly granted the plaintiff's motion for summary judgment.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The plaintiff American Home Mortgage Servicing, Inc., originally brought this action against Geoffrey N. Madow, Peter A. Reilly, and the Department of Revenue Services. Subsequently, it withdrew its claim against Reilly. The Department of Revenue Services remains as a defendant in this case, but was defaulted for failure to appear and is not a party to this appeal. Therefore, for convenience, we refer in this opinion to Geoffrey N. Madow as the defendant.

[2] American Home Mortgage Servicing, Inc., was the named plaintiff when this action was commenced. It later changed its name to Homeward Residential, Inc., which was then substituted as the plaintiff pursuant to Practice Book § 9-26. We therefore refer in this opinion to Homeward as the plaintiff.

[3] The borrowers died prior to the commencement of this action. In April, 2011, Reilly became the sole owner of the property by virtue of survivorship rights. Two months later, Reilly transferred ownership of the property to the defendant by warranty deed.

[4] The assignment of the mortgage from Columbia to the plaintiff was dated March 16, 2012.

[5] In the notice of default, which was dated April 26, 2011, G. Moss & Associates, LLP, claimed to have been "authorized by [the plaintiff], the [s]ervicer of the . . . loan, on behalf of [the plaintiff], for the benefit of Federal National Mortgage Association, the [c]reditor to whom the debt is owed, to contact you regarding the status of your account."

[6] At oral argument before the trial court on the motion for summary judgment, the court stated: "I don't recognize replies to summary judgment, I don't think they are in our practice." Nevertheless, because our review of the court's granting of the motion for summary judgment is plenary; see *DiPietro* v. *Farmington Sports Arena, LLC*, 306 Conn. 107, 116, 49 A.3d 951 (2012); we may consider the documentation that was before the court when it ruled on the motion.

Additionally, the defendant is challenging the plaintiff's "legal right" or, in other words, its standing, to pursue this action because the defendant claims that it rebutted the presumption that the plaintiff was the owner of the note. In *J.E. Robert Co.* v. *Signature Properties, LLC*, 309 Conn. 307, 325 n.18, 71 A.3d 492 (2013), our Supreme Court recently stated: "[M]ere proof that someone other than the party seeking to foreclose is the owner of the note will [not] require dismissal for lack of standing. Rather, under such circumstances, the burden would shift back to the plaintiff to demonstrate that the owner has vested it with the right to receive the money secured by the note."

Thus, given our Supreme Court's elucidation that a note holder may prove that it maintained the legal right to enforce the debt if the defendant rebuts the presumption that it owned the note; see id.; our consideration of the plaintiff's reply memorandum is appropriate. As a result, we will consider the plaintiff's reply memorandum and its attached exhibits in our analysis.

[7] General Statutes § 49-17 provides: "When any mortgage is foreclosed by the person entitled to receive the money secured thereby but to whom the legal title to the mortgaged premises has never been conveyed, the title to such premises shall, upon the expiration of the time limited for redemption and on failure of redemption, vest in him in the same manner and to the same extent as such title would have vested in the mortgagee if he had foreclosed, provided the person so foreclosing shall forthwith cause the decree of foreclosure to be recorded in the land records in the town in which the land lies."

[8] In addition to being the owner or holder of a note, and thus the presump-

tive owner of a note, the other elements of a plaintiff's prima facie case are: (1) "that the defendant mortgagor has defaulted on the note" and (2) "that any conditions precedent to foreclosure, as established by the note and mortgage, have been satisfied." *GMAC Mortgage, LLC* v. *Ford*, supra, 144 Conn. 176. In this appeal, the defendant does not contest that he has defaulted on the note or that the conditions precedent to foreclosure, as established by the note and mortgage, have been satisfied. The defendant instead challenges only the first element of the plaintiff's prima facie case, that the plaintiff was the owner of the note.

[9] General Statutes § 52-180 provides in relevant part: "(a) Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence or event, shall be admissible as evidence of the act, transaction, occurrence or event, if the trial judge finds that it was made in the regular course of any business, and that it was the regular course of the business to make the writing or record at the time of the act, transaction, or occurrence or event or within a reasonable time thereafter.

"(b) The writing or record shall not be rendered inadmissible by (1) a party's failure to produce as witnesses the person or persons who made the writing or record, or who have personal knowledge of the act, transaction, occurrence or event recorded or (2) the party's failure to show that such persons are unavailable as witnesses. Either of such facts and all other circumstances of the making of the writing or record, including lack of personal knowledge by the entrant or maker, may be shown to affect the weight of the evidence, but not to affect its admissibility. . . ."

[10] We reject the defendant's claim that the plaintiff was required to provide "a full history of any and all transfers of the note with supporting documentation, as well as documentation of the plaintiff's authority to act on behalf of the owner of the mortgage debt." In support of its claim, the defendant relies on *J.E. Robert Co.* v. *Signature Properties, LLC*, supra, 309 Conn. 325 n.18. In *J.E. Robert Co.*, our Supreme Court specified that the precept of having "the proper supporting documentation in hand *when filing suit* showing the history of the note" pertained to "cases in which a *nonholder* transferee seeks to enforce a note in foreclosure proceedings . . . ." (Emphasis added; internal quotation marks omitted.) Id.

Thus, our Supreme Court has stated that this specific precept is applicable to nonholder loan servicers. As such, it is not pertinent here, where the plaintiff is both the loan servicer and the note holder, rather than solely a nonholder loan servicer. The defendant has provided no authority, nor are we aware of any, that supports his suggestion that a note holder, such as the plaintiff, is obligated to produce the documentation showing the full history of the note when filing a foreclosure action. In fact, it is well settled that a note holder may initiate a foreclosure action because of the presumption that the note holder is also the note owner. *RMS Residential Properties, LLC* v. *Miller*, supra, 303 Conn. 231–32.