******************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

CHRISTOPHER S. TRAVINSKI ET AL. *v.* GENERAL
INSURANCE COMPANY OF AMERICA ET AL.
(AC 45222)

Alvord, Suarez and Pellegrino, Js.

*Syllabus*

The plaintiffs sought to recover damages from the defendant insurance
companies, G Co., S Co., L Co., and M Co., in connection with the
denial of the plaintiffs' claim under a homeowners insurance policy.
The plaintiffs sought to recover damages for breach of contract, breach
of the implied covenant of good faith and fair dealing, violation of
the Connecticut Unfair Trade Practices Act (§ 42-110a et seq.) and the
Connecticut Unfair Insurance Practices Act (§ 38a-815 et seq.), and viola-
tion of the Connecticut Unauthorized Insurers Act (CUIA) (§ 38a-271 et
seq.). The defendants filed a motion for summary judgment as to all
counts of the complaint, arguing, inter alia, that the insurance policy
did not provide coverage for the plaintiffs' claim and that the extracon-
tractual claims were unfounded. The trial court granted the defendants'
motion, and the plaintiffs appealed to this court. *Held*:

1. The trial court properly rendered summary judgment as to the plaintiffs'
breach of contract claim: although the plaintiffs asserted that the policy
issued by G Co. and appended to the defendants' motion for summary
judgment was not the policy that was the subject of their contract claim,
the trial court properly determined that there existed no genuine issue
of material fact that the plaintiffs' insurance policy had been issued by
G Co. and that G Co. had denied the plaintiffs' insurance claim, as the
materials appended to the defendants' motion for summary judgment
included a copy of the policy that clearly states that it was issued by
G Co., an affidavit of a claims team manager that stated that the policy
was issued by G Co. to insure the plaintiffs' property and that G Co.
was licensed to issue insurance policies in Connecticut, a policy renewal
letter that identified G Co. as the issuer of the policy, and a letter stating
that the claim submitted to G Co. for damages to the plaintiffs' property
was denied; moreover, the plaintiffs did not submit evidence that created
a genuine issue of material fact that the authenticated policy that was
appended to the defendants' motion was not the policy at issue in the
complaint, as neither their argument that the policy was issued by an
entity named Safeco Insurance nor their statements in their affidavits
that they did not interact with G Co. created a genuine issue of material
fact regarding whether G Co. issued the policy, and both the plaintiffs'
argument that the affidavit submitted by the defendants contained false
statements regarding the insurer of the policy and that they did not
receive a copy of the policy were unmeritorious because the trial court
did not find any affidavit submitted by the defendants to be false and

the plaintiffs did not append to their opposition any evidence that they had asked for a copy of the policy and had been denied; furthermore, the plaintiffs failed to provide any legal authority for the proposition that any affiliation or involvement the other defendants had with G Co. as the underwriter of the policy could form a basis for liability under the terms of the policy.

2. The trial court properly rendered judgment in favor of S Co., L Co., and M Co. with respect to plaintiffs' CUIA claim: despite the plaintiffs' assertion that S Co., L Co., and M Co. had conducted an unlicensed insurance business in Connecticut in violation of CUIA under the name of Safeco Insurance, the trial court properly determined that no genuine issue of material fact existed that G Co., which was a licensed insurer in Connecticut, had issued the policy to the plaintiffs and that neither S Co., L Co. nor M Co. had issued the policy.

3. The plaintiffs' claim that the trial court improperly permitted S Co., L Co., and M Co. to file a motion for summary judgment without posting a bond pursuant to the applicable statute (§ 38a-27) was without merit: because there was no genuine issue of material fact that the plaintiffs' policy had not been issued by S Co., L Co., or M Co., there was no evidence that these entities insured the plaintiffs' property; accordingly, S Co., L Co., and M Co. could not have acted as the unauthorized insurers at issue in § 38a-27 and were not required to post a bond.

Argued January 8—officially released April 16, 2024

*Procedural History*

Action to recover damages for, inter alia, breach of contract, and for other relief, brought to the Superior Court in the judicial district of Windham, where the court, *J. Fischer, J.*, granted the defendants' motion for summary judgment and rendered judgment thereon, from which the plaintiffs appealed to this court. *Affirmed.*

*Brian S. Mead*, for the appellants (plaintiffs).

*Philip T. Newbury, Jr.*, for the appellees (defendants).

*Opinion*

PELLEGRINO, J. The plaintiffs, Christoper S. Travinski and Lena L. Travinski, appeal from the summary judgment rendered by the trial court in favor of the defendants, General Insurance Company of America,

Safeco Corporation, Liberty Mutual Insurance Company, and Liberty Mutual Holding Company, Inc., on the plaintiffs' complaint. The plaintiffs claim that the court improperly (1) granted the defendants' motion for summary judgment as to the counts of their complaint alleging breach of contract and a violation of the Connecticut Unauthorized Insurers Act (CUIA), General Statutes § 38a-271 et seq., and (2) permitted the defendants Safeco Corporation, Liberty Mutual Insurance Company, and Liberty Mutual Holding Company, Inc., to file a motion for summary judgment without posting a bond pursuant to General Statutes § 38a-27. We disagree and, accordingly, affirm the judgment of the trial court.

The following facts, viewed in the light most favorable to the plaintiffs, and procedural history are relevant to our analysis of the plaintiffs' claims on appeal. The plaintiffs discovered that the French doors leading to the back porch of their home were not closing properly and they hired a contractor who discovered that the floor joists under the doors were rotted and moldy. The plaintiffs filed an insurance claim under their homeowners insurance policy, which was denied following an investigation by an adjuster for the reason that the terms of the policy did not cover loss due to rot caused by water damage. In response to the denial of their claim, the plaintiffs filed a four count amended complaint alleging breach of contract; breach of the implied covenant of good faith and fair dealing; violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq., and the Connecticut Unfair Insurance Practices Act (CUIPA), General Statutes § 38a-815 et seq.; and a violation of CUIA. The defendants filed a motion for summary judgment as to all counts of the complaint, arguing that the action was time barred, that the policy did not provide coverage for the plaintiffs' insurance claim, and that the extracontractual claims were unfounded. The plaintiffs filed an opposition.

In a memorandum of decision, the court granted the defendants' motion for summary judgment as to all counts of the plaintiffs' complaint. The court determined that the first count of the complaint alleging breach of contract was time barred. The court reasoned that the suit limitation provision in the policy required that an action be commenced within two years of the date of the loss and that the record was clear that the loss occurred on or before May 12, 2016, on which date Christoper Travinski first reported the loss to his insurer, and that the action was commenced more than two years later on May 23, 2018.

With respect to the second count of the complaint alleging breach of the implied covenant of good faith and fair dealing, the court reasoned, quoting *Capstone Building Corp.* v. *American Motorists Ins. Co.*, 308 Conn. 760, 798, 67 A.3d 961 (2013), that "an action for bad faith is not actionable apart from a wrongful denial of a benefit under the policy." (Internal quotation marks omitted.) The court stated that, because there exists no genuine issue of material fact that (1) the damage to the plaintiffs' property was caused at least in part by the seepage of water over time and (2) the policy provided no coverage for rot caused by water damage, the plaintiffs were not denied a contractual benefit. The court reasoned that the plaintiffs' claim that the defendants breached the covenant of good faith and fair dealing could not stand. The court additionally determined that the third count of the complaint, which alleged violations of CUTPA and CUIPA due to improper conduct in the handling of their single insurance claim, was subject to summary judgment because the alleged misconduct in the processing of one claim without any evidence of misconduct in the processing of any other claim, did not amount to a general business practice as required by CUIPA; see *Lees* v. *Middlesex Ins. Co.*, 229 Conn. 842, 849, 643 A.2d 1282 (1994); and,

in the absence of a viable CUIPA claim, the CUTPA claim, which was premised thereon, could not stand. See *Artie's Auto Body, Inc.* v. *Hartford Fire Ins. Co.*, 317 Conn. 602, 624, 119 A.3d 1139 (2015).

Last, the court determined that summary judgment was appropriate as to the fourth count of the complaint alleging a violation of CUIA against the defendants Safeco Corporation, Liberty Mutual Insurance Company, and Liberty Mutual Holding Company, Inc., because no genuine issue of material fact existed that those entities did not issue the applicable policy. This appeal followed.

I

The plaintiffs claim that the court improperly granted the defendants' motion for summary judgment as to (a) the first count of the complaint alleging breach of contract and (b) the fourth count of the complaint alleging a violation of CUIA.[1] We disagree.

We note the following relevant legal principles. Pursuant to Practice Book § 17-49, summary judgment shall be rendered "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Our review of the trial court's decision to grant a motion for summary judgment is plenary. *Francis* v. *Briatico*, 214 Conn. App. 244, 251, 280 A.3d 546 (2022).

A

The plaintiffs do not challenge the court's determination that their breach of contract claim is barred by

---

[1] To the extent that the plaintiffs also claim that the court improperly rendered summary judgment in favor of the defendants with respect to the second and third counts of the complaint, alleging breach of the covenant of good faith and fair dealing and a violation of CUTPA and CUIPA, we agree with the well reasoned analysis of the court as to its rendering of summary judgment on those counts.

the suit limitation provision in the policy. Rather, they contend that the court improperly determined that no genuine issue of material fact existed that the policy that was the subject of the breach of contract claim was the homeowners insurance policy, policy number OK5568419, that was issued to the plaintiffs by General Insurance Company of America and appended to the defendants' motion for summary judgment as exhibit A. The plaintiffs contend that "the evidence placed before [the trial court] by the defendants was a false sworn statement which misrepresented several facts such as who were the insurers. The plaintiffs never dealt with General Insurance Company of America. All of their dealings were with Safeco Insurance. There existed then and now a material question of fact as to who are the parties in the contract." They further argue that the court "did not even consider that the defendants Safeco Corporation, Liberty Mutual Insurance Company, and Liberty Mutual Holding Company, Inc., had anything to do with the amended complaint" and contend that they had entered into an agreement with Safeco Insurance but never received a copy of the policy.

The defendants showed an absence of any genuine issue of material fact that General Insurance Company of America both issued the policy, which was appended to the defendants' motion for summary judgment as exhibit A, and denied the plaintiffs' insurance claim.[2]

[2] The plaintiffs argue that the defendants failed to meet their burden of proving the nonexistence of any genuine issue of material fact because the defendants appended to the motion for summary judgment evidence that pertained only to General Insurance Company of America and failed to present any evidence addressing the breach of contract claim against the remaining defendants. We disagree. The defendants satisfied their burden by showing an absence of any genuine issue of material fact that the policy at issue was issued by General Insurance Company of America. The burden then shifted to the plaintiffs to show the existence of a genuine issue of material fact that justifies a trial. See, e.g., *Romprey* v. *Safeco Ins. Co. of America*, 310 Conn. 304, 320, 77 A.3d 726 (2013).

See *Romprey* v. *Safeco Ins. Co. of America*, 310 Conn. 304, 320, 77 A.3d 726 (2013) (party moving for summary judgment has burden of showing absence of any genuine issue as to all material facts that entitle that party to judgment as matter of law). Also appended to the defendants' motion for summary judgment was the affidavit of Katie Fiondella, a claims team manager for the Liberty Mutual Group Insurance companies. Fiondella stated in her affidavit that the policy attached to the motion for summary judgment as exhibit A was issued to insure the plaintiffs' property by General Insurance Company of America, which is licensed to issue insurance policies in Connecticut. Exhibit A is a copy of the homeowners insurance policy, number OK5568419, that was issued to the plaintiffs by General Insurance Company of America. Section 2 of the definitions portion of the policy states that the terms " '[w]e', 'us' and 'our' refer to the underwriting company providing this insurance as shown in your Policy Declarations." The policy renewal letter contained a document titled "Customer Account Summary," which identified General Insurance Company of America as the issuer of the policy. The defendants also submitted with the motion a letter stating that the claim submitted to General Insurance Company of America for potential payment under policy OK5568419 for damages to the plaintiffs' property was denied. The letterhead of that document included, at the top left in large letters, the logo for Safeco Insurance, with the words "A Liberty Mutual Company" underneath it in smaller font; centered at the top of the letter are the words "General Insurance Company of America."

The plaintiffs did not submit evidence with their opposition that created a genuine issue of material fact that the authenticated policy that was appended to the defendants' motion for summary judgment as exhibit A was not the policy at issue in the complaint. See

*Romprey* v. *Safeco Ins. Co. of America*, supra, 310 Conn. 320 (once moving party establishes entitlement to summary judgment, burden shifts to nonmoving party to present evidence that demonstrates existence of disputed factual issue). Neither the plaintiffs' argument that, "to the best of their knowledge and belief, the insurer was Safeco Insurance," nor the statements in their affidavits that were submitted in connection with their opposition that they did not interact with General Insurance Company of America, creates a genuine issue of fact regarding whether General Insurance Company of America issued the policy. The plaintiffs' further contention that an affidavit submitted by the defendants in connection with the motion for summary judgment contained false statements regarding the insurer of the policy is unmeritorious because the court did not find any affidavit submitted by the defendants to be false. See *Zbras* v. *St. Vincent's Medical Center*, 91 Conn. App. 289, 293, 880 A.2d 999 ("[I]t is conceivable that in some case an affidavit might be so palpably false that the court could properly strike it from the file and render a summary judgment. To support such a judgment, however, there would have to be a finding of the court to the effect that the affidavit was false." (Internal quotation marks omitted.)), cert. denied, 276 Conn. 910, 886 A.2d 424 (2005). Additionally, the plaintiffs' argument that they did not receive a copy of the policy is also not meritorious because they did not append to their opposition any evidence that they had asked for a copy of the policy and were denied such request.

The court correctly stated in its decision that the defendants submitted an authenticated copy of the policy that clearly states that it was issued by General Insurance Company of America. Because there exists no genuine issue of material fact that the plaintiffs' insurance policy was issued by General Insurance Company of America and because the plaintiffs provide no

legal authority, and we are aware of none, for the proposition that any affiliation or involvement the remaining defendants had with General Insurance Company of America as the underwriter of the policy can form a basis for liability under the terms of the policy, we conclude that the court properly rendered summary judgment as to the breach of contract count of the complaint.

B

The plaintiffs allege in the fourth count of the complaint that the defendants Safeco Corporation, Liberty Mutual Insurance Company, and Liberty Mutual Holding Company, Inc., conducted an unlicensed insurance business as Safeco Insurance in the state of Connecticut in violation of the CUIA. As we detailed in part I A of this opinion, the court properly determined that no genuine issue of material fact existed that the plaintiffs' policy was issued by General Insurance Company of America, which is a licensed insurer in Connecticut.[3] The court also properly determined that no genuine issue of material fact existed that none of the defendants named in count four of the complaint issued the policy. Therefore, we conclude that the court properly rendered judgment in favor of Safeco Corporation, Liberty Mutual Insurance Company, and Liberty Mutual Holding Company, Inc., with respect to the plaintiffs' CUIA claim.

II

The plaintiffs next claim that the court improperly permitted the defendants Safeco Corporation, Liberty Mutual Insurance Company, and Liberty Mutual Holding Company, Inc., to file a motion for summary judgment without posting a bond pursuant to § 38a-27. We disagree.

---

[3] The court considered the status of General Insurance Company of America as a licensed insurer to be judicially admitted. The plaintiffs do not challenge this on appeal.

Section 38a-27 (a) provides in relevant part that, "[b]efore any unauthorized . . . insurer files or causes to be filed any pleading in any court action . . . the . . . insurer shall either: (1) [d]eposit with the clerk of the court . . . cash or securities or a bond . . . or (2) procure proper authorization to do an insurance business in this state." As we detailed in part I A of this opinion, the court properly determined that there existed no genuine issue of material fact that neither Safeco Corporation, nor Liberty Mutual Insurance Company, nor Liberty Mutual Holding Company, Inc., issued the plaintiffs' policy. Accordingly, because there is no evidence in the present case that these defendants insured the plaintiffs' property, it logically follows that they could not have acted as the subcategory of insurers at issue in § 38a-27, specifically, unauthorized insurers. Accordingly, § 38a-27 cannot apply, and we conclude that the court properly did not require those defendants to post a bond.

The judgment is affirmed.

In this opinion the other judges concurred.